## ELLEN PLASIL *v.* LINDA TABLEMAN ET AL.
### (14397)

PETERS, C. J., CALLAHAN, GLASS, BORDEN and BERDON, Js.

Argued May 1—decision released July 21, 1992

*William R. Moller,* with whom were *Kimberly A. Knox* and, on the brief, *Kevin J. Kopetz,* for the appellants (defendants).

*David P. Atkins,* for the appellee (plaintiff).

GLASS, J. The principal issue in this appeal is whether the trial court had subject matter jurisdiction to grant prejudgment remedies when the plaintiff, Ellen Plasil, had not paid an entry fee as required by General Statutes § 52-259.[1] The trial court denied the motion of the defendants, Linda Selby Tableman and Stephen D. Tableman, to dissolve, modify or vacate prejudgment remedies of attachment and garnishment. The defendants appealed from the judgment of the trial court to

---

[1] General Statutes § 52-259 (a) provides in pertinent part: "There shall be paid to the clerks for entering each appeal to the supreme court, or the appellate court, as the case may be, one hundred fifty dollars, and for each civil cause in the superior court, one hundred twenty-five dollars . . . ."

the Appellate Court, and we transferred the appeal to ourselves pursuant to Practice Book § 4023 and General Statutes § 51-199 (c). We affirm the judgment of the trial court.

The relevant facts are undisputed. The plaintiff and the named defendant, Linda Selby Tableman, dissolved their law partnership and agreed to split the fees to be recovered in two pending cases. In a dispute arising out of the settlement received in one of those cases, the plaintiff brought an action against Linda Tableman and her husband, Stephen D. Tableman.[2] Pursuant to General Statutes § 52-278e (a) (2) (D) and (E),[3] the plaintiff simultaneously secured an ex parte attachment on the defendants' home, a garnishment of funds, including earnings, owed to Stephen Tableman by his employer, and a garnishment of a bank account of the defendants. The defendants claimed insufficiency of process, insufficiency of service of process and want of personal jurisdiction, and filed a motion to dismiss the action pursuant to Practice Book § 143.[4] The

---

[2] In her complaint, the plaintiff set forth various claims, including larceny, fraud, unfair trade practices, breach of contract, conversion, and fraudulent conveyance. Stephen Tableman was named as a defendant in the counts alleging larceny, conversion and fraudulent conveyance.

[3] General Statutes § 52-278e (a) provides in pertinent part: "The court or a judge of the court may allow the prejudgment remedy to be issued by an attorney without hearing as provided in sections 52-278c and 52-278d upon verification by oath of the plaintiff or of some competent affiant, that there is probable cause to sustain the validity of the plaintiff's claim and . . . (2) that there is reasonable likelihood that the defendant . . . (D) is about to fraudulently dispose of or has fraudulently disposed of any of his property with intent to hinder, delay or defraud his creditors or (E) has fraudulently hidden or withheld money, property or effects which should be liable to the satisfaction of his debts . . . ." Section 52-278e (a) was amended by Public Acts 1991, No. 91-315, § 1. That amendment does not affect this appeal.

[4] Practice Book § 143 provides in relevant part: "The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, and (5) insufficiency of service of process. This motion shall always be filed with a supporting memorandum of law, and where appropriate, with supporting affidavits as to facts not apparent on the record."

defendants also filed a motion to dissolve the prejudgment remedies pursuant to § 52-278e (c).[5] After a hearing on April 8, 1991, the trial court dismissed the complaint for insufficiency of service and dissolved the attachment of the defendants' home as improperly served. The trial court also dissolved the garnishment as to Stephen Tableman's earnings. The court noted, however, in its memorandum of decision issued April 18, 1991, that the "plaintiff may re-serve the process found to have been defectively served." The trial court found, further, on the basis of evidence presented at the April 8, 1991 hearing, that the plaintiff had established probable cause to sustain prejudgment remedies and, accordingly, authorized attachment of the defendants' home and the garnishment of funds other than earnings.

The plaintiff served the defendants with a corrected summons and complaint on April 19, 1991, together with an order for the prejudgment remedies of attachment and garnishment, based on the previous probable cause finding. The trial court clerk neither assigned a new docket number nor collected a docketing fee from the plaintiff. Instead, above the return date on the order for prejudgment remedies, the clerk wrote in the docket number assigned to the original action. Counsel for both parties subsequently signed a stipulation for a temporary restraining order bearing the original docket number. Thereafter, on May 24, 1991, the defendants

[5] General Statutes § 52-278e (c) provides: "The defendant appearing in such action may move to dissolve or modify the prejudgment remedy granted pursuant to this section in which event the court shall proceed to hear and determine such motion expeditiously. If the court determines at such hearing requested by the defendant that there is probable cause to sustain the validity of the plaintiff's claim, then the prejudgment remedy granted shall remain in effect. If the court determines there is no such probable cause, the prejudgment remedy shall be dissolved. An order shall be issued by the court setting forth the action it has taken." Section 52-278e (c) was amended by Public Acts 1991, No. 91-315, § 1. That amendment does not affect this appeal.

filed an answer to the plaintiff's complaint.[6] The defendants then, for the first time, challenged the use of the original docket number on the order for prejudgment remedies, claiming that the writ and summons on which the attachment and garnishment were based had never been properly returned. The defendants filed a second motion to dissolve the prejudgment remedies, and a motion to enter judgment in the April 8, 1991 proceeding. After a hearing on June 17, 1991, the trial court denied the defendants' motions and granted the plaintiff's application for supplemental prejudgment remedies.[7] This appeal followed.

## I

The plaintiff claims at the outset that this court lacks subject matter jurisdiction over this appeal.[8] Specifi-

---

[6] Practice Book § 144 provides: "Any claim of lack of jurisdiction over the person or improper venue or insufficiency of process or insufficiency of service of process is waived if not raised by a motion to dismiss filed in the sequence provided in Secs. 112 and 113 and within the time provided by Sec. 142." Practice Book § 112 requires that a defendant file a motion to dismiss on the basis of a lack of personal jurisdiction prior to filing an answer to the plaintiff's complaint. The defendants, therefore, waived any claim regarding a lack of personal jurisdiction by filing their answer prior to their motion to dismiss. See also *Bridgeport* v. *Debek,* 210 Conn. 175, 178, 554 A.2d 728 (1989).

[7] In its ruling, the trial court stated: "I find that there has been no substantive claims raised as to the sufficiency of what the plaintiff has filed subsequent to the Court's [April 18] ruling. I do find that the file reflects that the [writ and] summons [were] returned as a new action and by administrative action of the Court Clerk, were treated as a continuation of a prior document. I find that the dismissal as to insufficiency of the prior process did not preclude the plaintiff from correctly serving the Complaint and returning it to court. I find that was done . . . . " The trial court also ruled: "The writ has now been returned to court and the defendants identify no deficiency in form or service upon them. The defendants were given an opportunity on 6/17/91 to present any additional evidence as to attachments and declined to do so. The court therefore incorporates its findings in its prior memorandum of decision."

[8] The defendants claim prejudice from the plaintiff's claim of lack of appellate jurisdiction, made for the first time on appeal. They urge us to decline to review this claim pursuant to Practice Book § 4013 because the "introduc-

cally, the plaintiff claims that because the defendants did not appeal the April 18, 1991 trial court rulings within seven days, as required by General Statutes § 52-278*l*, they waived their right to appeal those rulings.[9] The plaintiff asserts, moreover, that the defendants' second motion to dissolve prejudgment remedies challenged an *existing* prejudgment remedy granted after a hearing and, therefore, was governed by General Statutes § 52-278k.[10] The plaintiff contends, therefore, that the June 17, 1991 trial court ruling on the defendants' second motion to dissolve was not an appealable final judgment within the meaning of General Statutes § 52-278*l*. See *City National Bank* v. *Davis,* 181 Conn. 42, 45–46, 434 A.2d 310 (1980). We agree with the plaintiff that the defendants waived their right to appeal the April 18, 1991 rulings. We conclude, however, that the trial court's June 17, 1991 ruling on

tion of the issue for the first time in [the] appellee's brief constitutes appeal by ambuscade." *State* v. *One 1981 BMW Automobile,* 15 Conn. App. 589, 599, 546 A.2d 879 (1989). We conclude, however, that the plaintiff's challenge to this court's jurisdiction is properly raised because lack of subject matter jurisdiction, whether trial court or appellate, cannot be waived. *LaBow* v. *LaBow,* 171 Conn. 433, 440, 370 A.2d 990 (1976).

[9] General Statutes § 52-278*l* provides in pertinent part: "(a) An order (1) granting or denying a prejudgment remedy following a hearing under section 52-278d or (2) granting or denying a motion to dissolve or modify a prejudgment remedy under section 52-278e or (3) granting or denying a motion to preserve an existing prejudgment remedy under section 52-278g shall be deemed a final judgment for purposes of appeal.

"(b) No such appeal shall be taken except within seven days of the rendering of the order from which the appeal is to be taken."

[10] General Statutes § 52-278k provides: "The court may, upon any application for prejudgment remedy under sections 52-278c, 52-278e, 52-278h or 52-282, modify the prejudgment remedy requested as may be warranted by the circumstances, and may, upon motion and after hearing, at any time modify or vacate any prejudgment remedy heretofore granted upon the presentation of evidence which would have justified such court in modifying or denying such prejudgment remedy at an initial hearing thereunder." Section 52-278k was amended by Public Acts 1991, No. 91-315, § 4. That amendment does not affect this appeal.

the defendants' second motion to dissolve prejudgment remedies was an appealable final judgment pursuant to § 52-278*l*.

The plaintiff's re-served summons and complaint included an application for prejudgment remedies identical to the application on which the trial court had based its April 18, 1991 decision. The trial court, in ruling on the defendants' second motion to dissolve prejudgment remedies, expressly incorporated the findings of the April 18, 1991 memorandum of decision. See footnote 7, supra. In addition, the defendants were given the opportunity, at the June 17, 1991 hearing, to present additional evidence as to the validity of the prejudgment remedies. Finally, the trial court, on June 17, 1991, granted the plaintiff's supplemental application for a prejudgment remedy garnishing another bank account owned by the defendants. The defendants have appealed the trial court's rulings on their second motion to dissolve prejudgment remedies and on the plaintiff's supplemental application for prejudgment garnishment.

We are persuaded that the trial court's June 17, 1991 ruling on the defendant's second motion to dissolve prejudgment remedies is a final judgment within the meaning of § 52-278*l* (a) (2).[11] The trial court, at the June 17, 1991 hearing, reviewed and ruled anew on the validity of the prejudgment remedies that it had considered at the April 8, 1991 hearing. The record thus reveals that the trial court treated the plaintiff's re-served application for prejudgment remedies as a newly

[11] The plaintiff confines her argument that this court lacks subject matter jurisdiction to the defendants' appeal of the trial court's ruling on the defendants' second motion to dissolve prejudgment remedies. We are persuaded, nonetheless, that the trial court's June 17, 1991 ruling granting the plaintiff's supplemental application for prejudgment remedies is also an appealable final judgment within the meaning of General Statutes § 52-278*l* (a) (2). See footnote 9, supra.

filed application under § 52-278e. With respect to the June 17, 1991 rulings, moreover, the defendants complied with the time provisions of § 52-278*l* (b) and Practice Book § 4009. The defendants' appeal from the June 17, 1991 rulings of the trial court is, therefore, both jurisdictionally appropriate and timely. *Monroe* v. *Monroe*, 177 Conn. 173, 176–78, 413 A.2d 819, appeal dismissed, 444 U.S. 801, 100 S. Ct. 20, 62 L. Ed. 2d 14 (1979); *Giordano Construction Co.* v. *Ross*, 182 Conn. 577, 438 A.2d 772 (1980); see also Practice Book § 4000.

## II

The defendants rely first upon General Statutes § 52-259 to support their claim that the trial court should have granted their motion to dissolve the prejudgment remedies order. The defendants argue that the plaintiff's failure to pay an entry fee pursuant to § 52-259 (a) deprived the trial court of subject matter jurisdiction over the re-served complaint. The defendants also assert that the continued use of the docket number assigned to the prejudgment remedy application that was originally filed was improper because the trial court had dismissed the original complaint on April 18, 1991. We have stated: "Prejudgment attachment, although a useful and efficient remedy, can be harsh in its operation and liable to oppressive use because it is summary in its effects. Consequently, its application has been confined within the limits set by statute." *Ledgebrook Condominium Assn.* v. *Lusk Corporation*, 172 Conn. 577, 584–85, 376 A.2d 60 (1977). We conclude, nonetheless, that the statutory procedural protections that are intended to benefit defendants in prejudgment remedy proceedings have been afforded the defendants in the present case.

Section 52-259 (a) provides that a fee shall be paid to the clerk "for entering . . . each civil cause in the superior court." The statute, however, does not pre-

clude the trial court from assigning to a re-served process the docket number assigned to the original complaint. As the trial court observed, if it were otherwise, the court would have been forced to repeat the entire evidentiary hearing on the issue of probable cause that it had conducted on April 8, 1991. The purpose of a prejudgment remedy probable cause hearing is to satisfy the constitutional due process right of parties whose property rights are to be affected, to be heard " 'at a meaningful time and in a meaningful manner.' " *Ledgebrook Condominium Assn.* v. *Lusk,* supra, 583, quoting *Armstrong* v. *Manzo,* 380 U.S. 545, 552, 85 S. Ct. 1187, 14 L. Ed. 2d 62 (1965). The defendants concede the existence of probable cause and the lack of any substantive issue as to the validity of the prejudgment remedies.

Assuming that the trial court clerk had a statutory duty to collect the entry fee pursuant to § 52-259 (a), we conclude, as did the trial court, that the plaintiff should not be penalized for the clerk's inaction, and that the clerk's inaction did not deprive the trial court of subject matter jurisdiction. "It is of course difficult to lay down a general rule to determine in all cases when the provisions of a statute are merely directory and when mandatory or inoperative, but, of all the rules mentioned, the test most satisfactory and conclusive is, whether the prescribed mode of action is of the essence of the thing to be accomplished, or in other words, whether it relates to matter material or immaterial—to matter of convenience or of substance." *Gallup* v. *Smith,* 59 Conn. 354, 358, 22 A. 334 (1890); see also *Hall Manor Owner's Assn.* v. *West Haven,* 212 Conn. 147, 153, 561 A.2d 1373 (1989). Moreover, even if the assignment of a new docket number were necessary for the orderly maintenance of the trial court's computer files, as urged by the defendants, the plaintiff correctly observes that the administrative defect

in this case could have been cured without dissolving the prejudgment remedies. For example, the trial court could have ordered the clerk to assign a new docket number to the re-served process and to collect the fee from the plaintiff. "The clerks of the court are merely recording officers; and if they make a mistake, the court may amend it. Their function is merely ministerial." *State* v. *Rowe,* 1 Conn. Cir. Ct. 427, 430, 186 A.2d 809, cert. denied, 150 Conn. 708, 204 A.2d 934 (1962).

The defendants also rely on *Van Mecklenberg* v. *Pan American World Airways, Inc.,* 196 Conn. 517, 494 A.2d 549 (1985), in support of their contention that the trial court lacked subject matter jurisdiction. In *Van Mecklenberg,* this court upheld the trial court's dismissal of an action where the plaintiff had failed to pay a filing fee with a motion to open the judgment of dismissal, as required by General Statutes § 52-259c.[12] The trial court clerk had stamped the motion as "received" but "upon realizing that the required fee had not been paid, the clerk crossed out the . . . receipt date . . . and immediately returned it to the plaintiff." Id., 518. The plaintiff failed to refile the returned motion and pay the fee within the time period set forth in General Statutes § 52-212a and Practice Book § 326. The issue in *Van Mecklenberg,* therefore, was whether the relief sought by the plaintiff had been timely claimed, *not* whether the clerk's actions had deprived the trial court of subject matter jurisdiction. This court concluded that the trial court lacked jurisdiction because the motion at issue was "untimely" under the applicable statutory and Practice Book sections. Id., 519.

In the present case, the clerk neither returned nor refused to accept the plaintiff's papers for nonpayment

[12] General Statutes § 52-259c provides in relevant part: "There shall be paid to the clerk of the superior court upon the filing of any motion to open, set aside or modify any civil judgment rendered in superior court a fee . . . ."

of the entry fee. The clerk simply accepted the papers.[13] The plaintiff's actions, therefore, were governed by § 52-259 (a), which requires a fee "for entering . . . each civil cause." The civil cause had been entered. Accordingly, we reject the defendants' claim that § 52-259c applies in the present case. See footnote 12, supra.

In *Bridgeport* v. *Debek,* 210 Conn. 175, 178, 554 A.2d 728 (1989), the sheriff failed in timely fashion to serve certain defendants, who, in turn, failed to file a motion to dismiss in timely fashion. The trial court proceeded to grant various motions of the plaintiff, concluding that the sheriff's delay in service implicated personal jurisdiction but did not deprive the court of subject matter jurisdiction. We agreed with the trial court and stated: "Our precedents make it abundantly clear that, except in the special circumstances of administrative appeals, defects in process do not deprive a court of subject matter jurisdiction. . . . The Superior Court lacks subject matter jurisdiction only if it has no competence to entertain the action before it." Id., 179–80.

The defendants in the present case do not claim that the trial court lacked "competence to entertain" the causes of action raised in the plaintiff's complaint and to which the prejudgment remedies apply. Such causes of action are properly within the subject matter jurisdiction of the trial court. Here, the trial court dismissed the original complaint and dissolved the real estate attachment because they were improperly served. The trial court issued its rulings with leave to the plaintiff to cure the defects and re-serve process. Practice Book §§ 175 and 176; see 1 W. Moller & W. Horton, Connecticut Practice, Practice Book Annotated (1992) § 174, authors' comments and cases cited.

---

[13] General Statutes § 52-259 (a) does not specify whether it is the responsibility of the filing party or of the clerk to ensure that the fee is paid. The plaintiff conceded at oral argument, however, that she did not tender the fee.

The defendants, relying upon *Hillman* v. *Greenwich,* 217 Conn. 520, 587 A.2d 99 (1991), assert that jurisdictional defects cannot be cured by re-service. In *Hillman,* this court concluded that the plaintiff "failed to comply in any fashion with [the] basic requirements" of General Statutes § 52-45a when he served the original "bare bones" complaint *without* a writ of summons. Id., 524–26. Our decision in *Hillman,* however, did not turn on the lack of technical perfection or exacting conformity in the *form* of the plaintiff's filings. Id., 526. In *Hillman,* the plaintiff filed an "amended writ" in an effort to avoid the statute of limitations. We did not suggest that the new, amended writ could not have had validity on its own. We held, rather, that the amended writ did not relate back to the defective writ, about which the defendant had complained in a timely fashion.

In the present case, the trial court concluded that although the filing of an "amended writ" cured the insufficiencies in the process, it did not cure the defect in service of process on the defendants' counsel rather than directly on the defendants. After the second "amended writ" was issued, supported by proper process, however, the trial court properly reinstated the attachment and garnishment, regardless of the payment of an entry fee or the assignment of a new docket number. Although the defendants had the right to another hearing, they waived that right when they filed an answer to the plaintiff's re-served complaint. See footnote 6, supra. We note, moreover, that the statute of limitations is not implicated in this case, as it was in *Hillman.* Accordingly, the trial court reasonably concluded that the matter continued as pending on the trial court docket and, therefore, required neither a new docket number nor payment of an entry fee.

We conclude that the trial court in the present case was not deprived of subject matter jurisdiction by the plaintiff's failure to pay an entry fee with the re-served

process and the clerk's failure to assign a new docket number. " 'A court has subject matter jurisdiction if it has the authority to adjudicate a particular type of legal controversy. Such jurisdiction relates to the court's competency to exercise power, and not to the regularity of the court's exercise of that power. *Monroe* v. *Monroe*, [supra] . . . .' *State* v. *Malkowski,* 189 Conn. 101, 105–106, 454 A.2d 275 (1983)." *Castro* v. *Viera,* 207 Conn. 420, 427, 541 A.2d 1216 (1988). The failure to collect an entry fee for the re-served complaint or to assign it a new docket number did not deprive the court of jurisdiction or presumptively prejudice the defendants. To strip the plaintiff of her prejudgment remedies would neither facilitate the business of the court nor advance justice, but rather would serve merely " 'to exalt technicalities above substance.' " *LaReau* v. *Reincke,* 158 Conn. 486, 494, 264 A.2d 576 (1969). Accordingly, we conclude that the defendants' appeal is without merit.

The judgment is affirmed.

In this opinion the other justices concurred.