[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
The plaintiff has filed an amended seven-count complaint CT Page 5805 dated January 18, 1992 against the City of West Haven and various city officials alleging the defendants provided information for a series of newspaper articles which appeared in the New Haven Register which purported to reveal alleged widespread nonpayment and underpayment of property taxes by the plaintiff, all to the plaintiff's financial damage and reputational injury. Furthermore, plaintiff alleges that various defendants have failed to comply with a written stipulation, entered into by both parties, stemming from a previous lawsuit between the parties. See Brophy Ahern v. City of West Haven, Docket No. CV 86-0251243-S (Judicial District of New Haven).
In counts four, five and seven of the amended complaint the plaintiff alleges a breach of contract, negligent failure to perform and violation of 42 U.S.C. § 1983 against all defendants. The defendant City of West Haven filed a motion to dismiss counts four, five and seven, claiming that counts four and five should be dismissed because of the prior pending action doctrine. As to count seven, the City argues that seven should be dismissed because the plaintiff corporation lacks standing to bring a 1983 action and, thus, the court does not have subject matter jurisdiction.
When deciding a motion to dismiss, "the [court's] inquiry usually does not extend to the merits of the case." (Citation omitted.) Southport Manor Convalescent Center Inc. v. Foley,216 Conn. 11, 16, 578 A.2d 646 (1990). Moreover, "[t]he motion to dismiss . . . admits all well pleaded facts, . . . the complaint being construed most favorably to the plaintiff." (Citation omitted.) Duguay v. Hopkins, 191 Conn. 222, 227, 464 A.2d 45
(1983). Subject matter jurisdiction has been defined as "the power of the court to hear and determine cases of the general class to which the proceedings in question belong." (Citation omitted.) Grant v. Bassman, 221 Conn. 465, 470, 604 A.2d 814
(1992). Subject matter jurisdiction is proper "if [the court] has the authority to adjudicate a particular type of legal controversy." Plasil v. Tableman, 223 Conn. 68, 612 A.2d 763
(1992).
Simply put, "[subject matter] [j]urisdiction involves the power in a court to hear and determine the cause of action presented to it and its source is the constitutional and statutory provisions by which it is created." State v. Carey,222 Conn. 299, 304-5, 610 A.2d 1147 (1992). Further, "[o]nce the question of lack of jurisdiction of a court is raised, `[i]t must CT Page 5806 be disposed of no matter in what form it is presented' . . . and the court must `fully resolve it before proceeding further with the case.'" (Citations omitted.) Id., supra, 305. The court "should indulge every presumption in favor of the trial court's subject matter jurisdiction." (Citation omitted.) Miko v. Commission on Human Rights and Opportunities, 220 Conn. 192, 198,596 A.2d 396 (1991).
The considerations applicable to the present case are set forth in Halpern v. Board of Education, 196 Conn. 647, 651
(1985), where our Supreme Court said, "the pendency of a prior suit between the same parties brought to obtain the same end will generally render the latter suit amenable to dismissal." The motion to dismiss is the appropriate vehicle for asserting the prior pending action doctrine. Id., 652.
In opposition to the City of West Haven's motion to dismiss, the plaintiff argues that the defendant waived its right to file a motion to dismiss counts four and five when it failed to do so within thirty days of its appearance as required by Practice Book 142 and 144. Practice Book 144 provides that "[a]ny claim of lack of jurisdiction over the person or improper venue or insufficiency of process or insufficiency of service of process is waived if not raised by a motion to dismiss filed in the sequence provided in 112 and 113, and within the time provided by 142." Practice Book 145 provides that "[a]ny claim of lack of jurisdiction over the subject matter cannot be waived. . . ."
While research discloses there is no case law as to whether a motion to dismiss based upon the prior pending action doctrine is waivable under Practice Book 142 and 144, the claim need not be addressed in this case because of the distinction between the facts here and those of the Halpern case.
The defendant City of West Haven, in addressing counts four and five of the amended complaint, maintains that "it is well established in Connecticut that when a plaintiff has filed two separate law suits which are alive, the second action should be dismissed by the court." Defendants assert that the issues involved in a prior pending action between the parties; see Brophy v. City of West Haven, supra, encompass the issues raised in counts four and five in the amended complaint. Therefore, defendant concludes that "justice and equity mandate that counts four and five should be dismissed." CT Page 5807
In the Halpern case, "both matters were filed and [were] pending in the same jurisdiction and venue." (Emphasis added.) Halpern v. Board of Education, supra, 651. In the instant case there is no prior action between the parties pending. Rather, on June 10, 1991 the court entered an order pursuant to a stipulation between the parties in Brophy Ahern v. City of West Haven, supra, which was a final judgment. Thus the prior pending action doctrine does not apply and the motion to dismiss counts four and five is denied.
As to count seven, the defendants urge dismissal as the plaintiff is a partnership and not a person entitled to protection under 1983. Under 1983, a corporation is a person entitled to protection. A partnership has standing to sue under the statute that creates a federal cause of action against persons whose misconduct, under color of state law, violates the constitutional rights of another. See Gordon v. City of Cartersville, Georgia, 522 F. Sup. 753 (N.D. Ga. 1981); see also Westborough Mall, Inc. v. City of Cape Giradeau, 710 F. Sup. 1278
(E.D. Mo. 1989).
The plaintiff partnership may properly bring an action for deprivations it has allegedly suffered in violation of the First,Fifth andFourteenth Amendments to the United States Constitution. Defendant's motion to dismiss count seven of the amended complaint is also denied.
Richard J. Stanley, Judge