[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO DISMISS/MOTION FORSUMMARY JUDGMENT
CT Page 6610-T
On November 15, 1989, the plaintiffs, Beverly Hills Concepts, Inc. (BHC) and three principal shareholders of BHC, Charles Remington, Wayne Steidle and Jeannie Leitao (shareholders), filed an eight count complaint against the defendants, Schatz Schatz, Ribicoff and Kotkin (Schatz and Schatz) and Sanford Goldman, Ira Dansky and Jane Seidl, attorneys at Schatz Schatz. The plaintiffs allege counts sounding in negligence, breach of contract, intentional misrepresentation, negligent misrepresentation, breach of fiduciary duty, breach of the covenant of good faith and fair dealing and a violation of the Connecticut Unfair Trade Practices Act.
The underlying case arises out of dealings between the plaintiffs and the defendants, in connection with the operation of BHC's business. The defendants represented the plaintiff corporation and the plaintiff shareholders in a number of business and legal matters. The plaintiffs seek money damages premised on claims that the defendants gave BHC bad legal advice that resulted in the collapse of BHC and significant financial loss to the plaintiff shareholders.
On February 19, 1993, the defendants filed a "Motion To Dismiss/Motion For Summary Judgment," accompanied by a supporting memorandum of law and copies of portions of the depositions of Remington and Leitao. The defendants assert that the plaintiff shareholders lack standing to maintain this action in their individual capacities, and that therefore, the court should dismiss all claims of the plaintiff shareholders for lack of subject matter jurisdiction. The defendants further contend that they are entitled to summary judgment as to all claims of the plaintiff shareholders, in that the defendants owed no duty to the plaintiff shareholders, contractual or otherwise, in their individual capacities. On April 12, 1993, the plaintiffs filed an objection to the defendants' motion to dismiss/motion for summary judgment, accompanied by a memorandum of law in support of their objection, the affidavit of plaintiff shareholder Remington, and documentary evidence. On May 13, 1993, the defendants filed a supplemental memorandum of law in support of their motion. CT Page 6610-U
Subject matter jurisdiction has been defined as "the power of the court to hear and determine cases of the general class to which the proceedings in question belong." (Citation omitted.) Grant v. Bassman, 221 Conn. 465, 470, 604 A.2d 814
(1992). Subject matter jurisdiction is proper in a court if it has the authority to adjudicate a particular type of legal controversy. See Plasil v. Tableman, 223 Conn. 68, 612 A.2d 763
(1992). The determination of subject matter jurisdiction "relates to the court's competency to exercise power, and not to the regularity of the court's exercise of that power." Id. Subject matter jurisdiction is the proper ground to contest plaintiff's standing to bring a claim. See Housing Authorityof the Town of East Hartford v. Papandrea, 222 Conn. 414,610 A.2d 637 (1992); Rose v. Freedom of Information Commission,221 Conn. 217, 602 A.2d 1019 (1992); Munhall v. Inland WetlandsCommission, 221 Conn. 46, 602 A.2d 566 (1992).
The test for a summary judgment motion is "whether a party would be entitled to a directed verdict on the same facts." (Citation omitted.) Hammer v. Lumberman's MutualCasualty Co., 214 Conn. 573, 578, 573 A.2d 699 (1990). When deciding a motion for summary judgment, "the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." Nolan v. Borkowski,206 Conn. 495, 500, 538 A.2d 1031 (1988). "Practice Book § 384 provides that summary judgment `shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" (Citations omitted.) Gurliacci v. Mayer, 218 Conn. 531, 562,590 A.2d 14 (1991). To succeed with the motion "[t]he movant must show that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." (Citation omitted.) State v. Goggin,208 Conn. 606, 616, 546 A.2d 250 (1988).
Under Connecticut law, a distinction is made between the right of shareholders to bring a suit in their individual capacities, and their right to sue derivatively on behalf of the corporation. See Yanow v. Teal Industries, Inc.,178 Conn. 262, 281, 422 A.2d 311 (1979).:
 It is, however, well settled that if the injury is one to the plaintiff as a stockholder, CT Page 6610-V and to him individually, and not to the corporation, as where an alleged fraud perpetrated by the corporation has affected the plaintiff directly, the cause of action is personal and individual. . . . In such a case, the plaintiff-shareholder sustains a loss separate and distinct from that of the corporation, or from that of other shareholders, and thus has the right to seek redress in a personal capacity for a wrong done to him individually.
(Emphasis added; citations omitted.) Id., supra, 281-82.
A. Motion to Dismiss
In their memorandum in support of their motion to dismiss, the defendants assert that the plaintiff shareholders lack standing, and that therefore, the court lacks subject matter jurisdiction. The defendants maintain that their law firm represented only BHC in its corporate capacity, and did not represent the plaintiff shareholders in their individual capacities.
In opposition to the defendants' motion to dismiss, the plaintiff shareholders argue that they have properly alleged that they were being represented in their individual capacities, and therefore, that dismissing their action would be improper. In the plaintiffs' complaint, the plaintiff shareholders allege that the defendants were involved in the merger of two corporations which allegedly involved the defendants representing the plaintiff shareholders, individually. Further, the plaintiff shareholders allege that the merger required them to contribute their stock, personally held in the Massachusetts corporation to the Connecticut corporation, and to undertake personal liabilities to pay for the shares of a fourth shareholder, whose interest was bought out by the plaintiff shareholders. Finally, the plaintiff shareholders allege that they were required to sign some of the contractual agreements in their individual capacities, thus making them personally obligated for payment.
Under the standard set out in Yanow, the plaintiff shareholders have alleged sufficient facts to support a claim that they were being represented, and suffered harm, in their indivdual [individual] capacities, and therefore, their claims CT Page 6610-W in their individual capacities should not be dismissed for lack of standing. Accordingly, the defendants' motion to dismiss for lack of subject matter jurisdiction is denied.
B. Motion for Summary Judgment
In support of their motion for summary judgment, the defendants assert that they owed no duty to the plaintiff shareholders, contractual or otherwise, because the plaintiff shareholders were not being represented in their individual capacities. The defendants have submitted copies of portions of the deposition testimony of plaintiff shareholders Remington and Leitao in further support of their motion. The defendants contend that these documents reveal that the defendants owed no duty to the plaintiff shareholders in their individual capacities.
In opposition to the defendants' motion for the summary judgment, the plaintiffs have submitted exhibits that raise a genuine issue of material fact as to whether the plaintiff shareholders were being represented in their individual capacities by the defendants. In particular, the plaintiffs maintain that the attorneys' time records clearly indicate that several attorneys from the defendant law firm provided services relating to the rearrangement of the personal stock ownership of the individual plaintiff shareholders, as part of a plan to position their company for a franchise offering and eventual public stock offering. (See Plaintiffs' Objection to the Defendants' Motion to Dismiss and Motion for Summary Judgment, Exhibit A). Further, the plaintiffs maintain that the relevant time records of the law firm reveal that the defendant attorneys worked on the merger of the Massachusetts and Connecticut corporations in which the individual plaintiffs were caused to give up their personal ownership in the Massachusetts corporation. (See Plaintiffs' Objection to the Defendants' Motion to Dismiss and Motion for Summary Judgment, Exhibit B). Additionally, the plaintiffs assert that they were required to sign some of the contractual agreements in their personal capacities, thus making them personally obligated for payment. (See Plaintiffs' Objection to the Defendants' Motion to Dismiss and Motion for Summary Judgment, Exhibit C). Finally, the plaintiffs have submitted the affidavit of plaintiff shareholder Remington, in which he asserts that the defendant law firm did undertake the representation of the plaintiff shareholders in their individual capacities. (See CT Page 6610-X Plaintiffs' Objections to the Defendants' Motion to Dismiss and Motion for Summary Judgment, Affidavit Attached).
For the reasons stated above, we conclude that there remains a genuine issue of material fact as to whether the plaintiff shareholders were being represented by the defendants in their individual capacities. Accordingly, the defendants' motion for summary judgment is denied.
Hennessey, J.