[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS #113
The issue raised in this action for wrongful termination, is whether the complaint should be dismissed on the ground that the Airline Deregulation Act preempts each count so that the court lacks subject matter jurisdiction.
On November 16, 1995, the plaintiff, Roderick Lewonchuk, filed a four count "revised and amended complaint" against the defendant, Business Express, Inc, an airline company. The termination of Lewonchuk's employment with Business Express prompted this action. The four causes of action depend on the following allegations.
Business Express employed Lewonchuk as a captain from December 16, 1988 to July 15, 1993. On July 3, 1993, Lewonchuk was the captain of an airplane that was scheduled to depart for Boston; Lewonchuk and the first officer were preparing for take-off. As part of the departure plan, the captain relies on signals of the ground crew, including the ramp agent, to determine whether the airplane has avoided all ground obstacles. Pursuant to signals from the ground crew, Lewonchuk backed up the airplane, which hit a construction barrel. After a company investigation, Business Express terminated Lewonchuk's employment on July 15, 1993 because Lewonchuk "exercised poor judgment in the operation of the aircraft and operated the aircraft in a careless manner."
Count one alleges a breach of implied contract between Lewonchuk and Business Express based upon Business Express's failure to follow grievance procedures, under which Lewonchuk CT Page 14010 could challenge his termination, and also alleges a breach of the implied covenant of fair dealing. Count two alleges that Business Express wrongfully terminated Lewonchuk because it failed to investigate the accident thoroughly. Count three alleges that Business Express negligently misrepresented the grievance procedure to Lewonchuk. Count four alleges that Business Express defamed him when it terminated his employment.
On January 8, 1995, Business Express filed a motion to dismiss on the ground that the court lacks subject matter jurisdiction because federal law preempts the cause of action. Business Express filed a memorandum in support of its motion. On February 21, 1995, Lewonchuk filed a memorandum in opposition.
"A motion to dismiss is the appropriate vehicle for challenging the jurisdiction of the court." Zizka v. WaterPollution Control Authority, 195 Conn. 682, 687, 490 A.2d 509
(1985), citing Practice Book § 142. "A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court . . . ." (Citation omitted; emphasis in original; internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531, 544,590 A.2d 914 (1991).
"Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong . . . ." (Citations omitted; internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531,542, 599 A.2d 914 (1991). "A court has subject matter jurisdiction if it has the authority to adjudicate a particular type of legal controversy. Such jurisdiction relates to the court's competency to exercise power, and not to the regularity of the court's exercise of that power . . . ." (Citations omitted; internal quotation marks omitted.) Plasil v. Tableman,223 Conn. 68, 80, 612 A.2d 763 (1992).
Business Express argues that Lewonchuk's claims are preempted by the Federal Aviation Deregulation Act (ADA), 49 U.S.C. § 1305(a). Business Express maintains that caselaw interpreting this statute, including Morales v. Trans World Airlines, Inc., 504 U.S. ___, 112 S.Ct. 2031, 119 L.Ed.2d 157 (1992), supports its argument that the ADA preempts common law claims against airlines made by employees of the airline. Citing Belgard v.United Airlines, 857 P.2d 467 (Colo.App. 1992), cert. denied, CT Page 14011 ___ U.S. ___, 114 S.Ct. 1066, 127 L.Ed.2d 386 (1994), Business Express argues further, that state law does not permit an employee to challenge an employment decision of an airline because of the federal preemption.[1]
In his memorandum in opposition, Lewonchuk responds in three ways. First, Lewonchuk argues that Marlow v. AMR Services Corp., 1994 U.S. District LEXIS 17796 (D. Hawaii 1994) is wrongly decided or distinguishable. Second, Lewonchuk argues that Moralesv. Trans World Airways, supra, 112 S.Ct. 2031 is distinguishable because that case involved airline rates, which are distinctive to airlines. Citing Hodges v. Delta Airlines, 4 F.3d 350 (5th Cir. 1993) and Butcher v. City of Houston, 813 F. Sup. 515, 518
(S.D. Tex. 1993), Lewonchuk contends that the ADA preemption clause applies only to "distinctive airline services." Third, Lewonchuk argues that the breach of contract claim is not preempted because the ADA does not preempt state enforcement of agreements between the parties. Lewonchuk cites American Airlines v. Wolens, 513 U.S. ___, 115 S.Ct. ___, 130 L.Ed.2d 715, West v. Northwest Airlines,923 F.2d 657 (9th Cir. 1990), Anderson v. U.S. Air. Inc.,818 F.2d 49 (D.C. Cir. 1987), and Miller v. Northwest Airlines, 253 N.J. Super. Ct. 618, 602 A.2d 785 (1992) for this proposition.
The preemption provision of the ADA at issue in the present case states: "No State . . . shall enact or enforce any law, rule, regulation, standard, or other provision having the force and effect of law relating to rates, routes, or services of any carrier." 49 U.S.C. § 1305(a)(1).[2]
"Section 1305(a)(1) expressly preempts the States from `enact[ing] or enforc[ing] any law, rule, regulation, standard, or other provision having the force and effect of law relating to rates, routes, or services of any air carrier . . . .' For purposes of the present case, the key phrase, obviously, is `relating to.' The ordinary meaning of these words is a broad one . . . and the words thus express a broad preemptive purpose. We have repeatedly recognized that in addressing the similarly worded preemption provision of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1144(a), which preempts all state laws `insofar as they . . . relate to any employee benefit plan.' We have said, for example, that the `breadth of [that provision's] preemptive reach is apparent from [its] language,' Shaw [v. Delta Airlines, Inc., 463 U.S. 85, 96,103 S.Ct. 2890, 77 L.Ed.2d 490 (1983)]; that it has a `broad scope,' Metropolitan Life Ins. Co. v. Massachusetts, 471 U.S. 724, CT Page 14012 739 [105 S.Ct. 2380, 85 L.Ed.2d 728] (1985), and an `expansive sweep,' Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41,47 [107 S.Ct. 1549, 95 L.Ed.2d 39] (1987); and that it is `broadly worded,' Ingersoll-Rand Co. v. McClendon, [498 U.S. 133,138, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990)] `deliberately expansive,' Pilot Life, supra, 481 U.S. at 46, and `conspicuous for its breadth,' [FMC Corp. v. Holliday, 498 U.S. 52, 58,111 S.Ct. 403, 112 L.Ed.2d 356 (1990)]. True to our word, we have held that a state law `relates to' an employee benefit plan, and is preempted by ERISA, `if it has a connection with or reference to such a plan.' Shaw, supra, 463 U.S. at 97. Since the relevant language of the ADA is identical, we think it appropriate to adopt the same standard here: State enforcement actions having a connection with or reference to airline `rates, routes, or services' are preempted under 49 U.S.C. App. § 1305(a)(1)."Morales v. Trans World Airlines, supra, 112 S.Ct. 2031.[3]
ERISA may preempt common law causes of action. See Pilot LifeIns. Co. v. Dedeaux, 481 U.S. 41, 48, 107 S.Ct. 1549,95 L.Ed.2d 39 (1987) (stating "[t]he common law causes of action raised in Dedeaux's complaint, . . . undoubtedly meet the criteria for pre-emption under § 514(a).")
Count one-breach of contract
"[A] common law remedy for a contractual commitment voluntarily undertaken should not be regarded as a requirement imposed under State law' within the meaning of [Federal Cigarette Labeling and Advertising Act] § 5(b). A remedy confined to a contract's terms simply holds parties to the agreements."American Airlines v. Wolens, supra, 130 L.Ed.2d 726. (interpreting the preemption provision of the ADA.) Accordingly,Wolens permits "state-law-based court adjudication of routine breach of contract claims." Id., 728.
It follows that count one, which alleges a breach of contract, is not preempted by the ADA. The present case is similar to Wolens because in both cases the plaintiff is attempting to use state law to enforce an agreement between the parties. Thus, based upon the comparison to Wolens, this court has subject matter jurisdiction over the breach of contract claim and the motion to dismiss count one is denied.
Count two-wrongful discharge
CT Page 14013
Connecticut recognizes "a cause of action for employees who are discharged in violation of the mandates of public policy.Sheets v. Teddy's Frosted Foods Inc., 179 Conn. 471, 480,427 A.2d 385 (1980)" Lockwood v. Professional WheelchairTransportation, Inc., 37 Conn. App. 85, 94, ___ A.2d ___ (1995). In this case, the gravamen of Lewonchuk's complaint is that Business Express violated public policy when it terminated his employment without investigating whether the ramp agent caused the accident.
Wolens distinguishes, for preemption purposes, causes of action based upon private contract and causes of action based upon a violation of state requirements. "The ADA's preemption clause, § 1305(a)(1), read together with the FAA's savings clause, stops States from imposing their own substantive standards with respect to rates, routes, or services, but not from affording relief to a party who claims and proves that an airline dishonored a term the airline itself stipulated. This distinction between what the State dictates and what the airline itself undertakes confines courts, in breach of contract actions, to the parties' bargain, with no enlargement or enhancement basedon state laws or policies external to the agreement." (Emphasis added.) American Airlines Inc. v. Wolens, supra, 728.
Here the complaint does not specify what public policy is violated.[4] A more precise statement of the public policy is necessary because the ADA preempts a wrongful termination action in which the underlying public policy is a state law. By way of contrast, the ADA does not preempt a wrongful termination action in which the underlying public policy is a federal law.[5]
Consequently, since the complaint as it stands, does not specify what public policy has been violated, and this court may well have jurisdiction if a federal policy is implicated, then the motion to dismiss count two must be granted.[6]
 Anderson v. Evergreen International Airlines, Inc.,131 Or. 726, 886 P.2d 1068 (Ore.App. 1994) supports this court's conclusion. The Oregon Court of Appeals ruled that the plaintiff's claim that his employment was terminated for his refusal to acquiesce to violations of the Federal Aviation Administration regulation stated an action for wrongful discharge that was not preempted. See Id., 1072-73.[7] There is a difference between a federal policy and a state policy because the Federal Aviation Act preempts only state law. The motion to dismiss count two is granted, accordingly. CT Page 14014
Count three-negligent misrepresentation
The Connecticut Supreme Court "has long recognized liability for negligent misrepresentation. We have held that even an innocent misrepresentation of fact `may be actionable if the declarant has the means of knowing, ought to know, or has the duty of knowing the truth' . . . . The governing principles are set forth in similar terms in § 552 of the Restatement Second of Torts (1979): `One who, in the course of his business, profession or employment . . . supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.'" (Citations omitted.) D'Ulisse-Cupo v. Board ofDirectors of Notre Dame High School, supra, 202 Conn. 217-18. Count three alleges that Business Express "misrepresented its grievance procedure to [Lewonchuk] and made false and inaccurate representations that it knew or should have known that [Lewonchuk] would rely on." Complaint, paragraph 38.
The case of American Airlines, Inc. v. Wolens, supra, suggests that a state common law negligent misrepresentation claim is preempted by the ADA. Wolens permitted a cause of action for breach of contract but did not allow a cause of action for a violation of Illinois' Consumer Fraud Act, 815 Ill. Comp. Stat. § 505/2 (1992). This analysis focused on the agreement of the parties. Wolens, supra, 725-28.
In Wolens, Justice Stevens disagreed with the majority's holding that the ADA preempted the cause of action under the Illinois Consumer Fraud Act. "I see no reason why the ADA should pre-empt a claim that the airline defrauded its customers."Wolens, supra, 730 (Stevens, J., concurring in part and dissenting in part.)
However, following the majority holding, a claim for negligent misrepresentation is comparable to a claim under a Consumer Fraud Act. An element in both causes of action is a deceptive action. Neither cause of action is based upon an agreement of the parties, which was determinative in Wolens. The ADA preempts a state common law cause of action for negligent misrepresentation. Accordingly, it is appropriate that the court grant the motion to dismiss count three on the ground that this CT Page 14015 court lacks subject matter jurisdiction.
Count four-defamation
In a footnote in Business Express's memorandum, it argues that "several courts have held that defamation claims against airlines are also preempted and subject to dismissal for lack of subject matter jurisdiction." Business Express cites Pearson v.Lake Forest Country Day School, 262 Ill. App. 228,633 N.E.2d 1315 (Ill.App. 1994); Von Anhalt v. Delta Air Lines, Inc.,735 F. Sup. 1030 (S.D. Fla. 1990); and Hirsh v. American Airlines,160 Misc.2d 272, 608 N.Y.S.2d 606 (N.Y. Civ. Ct. 1993) for this proposition.
Lewonchuk counters that his defamation claim is not preempted because defamation does not concern airline services. Lewonchuk cites Fenn v. American Airlines, 839 F. Sup. 1218 (S.D. Miss. 1993) for this proposition. Lewonchuk further argues that VonAnhalt v. Delta Air Lines, supra, 735 F. Sup. 1030 supports his claim because that case provided the plaintiff with a forum to vindicate her wrong.
This court finds the decision of Fenn v. American Airlines, supra, 839 F. Sup. 1218 to be more persuasive. In Fenn, which was decided after Morales v. Trans World Airlines, supra,112 S.Ct. 2031, but before American Airlines v. Wolens, supra,130 L.Ed.2d 726, the court concluded that the plaintiff's claim for slander does not "involve any other possible airline `service' envisioned by Congress by adopting the ADA." Fenn v. AmericanAirlines, supra, 839 F. Sup. 1223. Therefore, the decision inWolens does not affect this analysis. Accordingly, the motion to dismiss count four is denied.
By way of summary, the motion to dismiss is denied as to counts one and four because the FAA does not preempt state law for breach of contract or for defamation. The motion to dismiss is granted as to counts two and three because the FAA preempts a cause of action for violation of a public policy based on state law and a cause of action for negligent misrepresentation.
THE COURT
MAIOCCO, J.