[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM RE: MOTIONS FOR SUMMARY JUDGMENT # 109 110
Before the Court are cross motions for summary judgment filed by Plaintiff Phoebe G. ("Phoebe G.") and Defendant Albert Solnit, M.D., individually and in his official capacity as Commissioner of the Department of Mental Health and Addiction Services ("DMHAS"), which motions seek to dispose of all issues of liability in this case, in one or the other's favor.
By way of brief summary, Phoebe G. is a person with a mental illness who is involuntarily conserved pursuant to General Statutes § 45a-644 et seq. She seeks by her Complaint the unfettered assistance of a mental health advocate, being the Connecticut Legal Rights Project, Inc. ("CLRP"), which organization represents her in this lawsuit. She claims in her Complaint that DMHAS "[is] refusing to permit her chosen representative to advocate on her behalf as well as refusing to provide information about the plaintiff essential to resolving her problem. The basis of the denial was the rejection by the CT Page 6783 conservator of advocacy services for the plaintiff." Complaint, Preliminary Statement. It is apparent to the Court that Phoebe G. is complaining about her conservator's refusal to accommodate her relationship with CLRP, and she has sued DMHAS simply because its agents maintain information which CLRP seeks on her behalf. DMHAS has asserted defenses of qualified immunity and immunity under General Statutes § 4-165.
These motions present the first involvement this Court has had with this matter, the only other motion having been resolved without judicial intervention. The Court notes at the outset that the facts alleged in the Complaint and supported by documents appended to both motions indicate that the basis of this lawsuit is whether a conserved person has the right to choose someone other than her conservator to represent her, without the permission or authority of her conservator. Our statutes, specifically General Statutes § 45a-175(a), grant the probate court unqualified jurisdiction of conservators. There is no record that the conflicts raised in this lawsuit have been brought to the attention of the probate court, and the Court must assume that they have not.
It is well-settled that "[t]he Superior Court cannot exercise a primary jurisdiction reposed in the Probate Court." Matthies v.Hackett, 24 Conn. Sup. 470, 194 A.2d 532, 534 (1960). With respect to the duties of conservators, their appointment, removal and conflicts of authority over the ward, General Statutes §45a-644 et seq. grants the probate court primary jurisdiction, and that court's exercise of discretion may be reviewed by this Court only in accordance with General Statutes § 45a-186.
What has troubled this Court since its initial review of this matter is whether it has jurisdiction to resolve the issues in suit, or whether they must be decided by the probate court. "Subject matter jurisdiction, unlike personal jurisdiction, cannot be conferred on the court by waiver or consent of the parties, nor can the court confer jurisdiction on itself."Mirabel v. Mirabel, 30 Conn. App. 820, 825, 622 A.2d 1037 (1993), quoting Castro v. Viera, 207 Conn. 420, 427-30, 541 A.2d 1216
(1988). "Such jurisdiction relates to the court's competency to exercise power." Plasil v. Tableman, 223 Conn. 68, 80,612 A.2d 763 (1992). Whenever it is determined that the court lacks jurisdiction of the subject matter, it must dismiss the action. Practice Book § 10-33. CT Page 6784
Consequently, and with concern over the hours of effort spent by the parties and the Court to resolve this matter, it is the Court's determination that Phoebe G. must make application before the appropriate probate court for consideration of her conservator's authority and her right to a representative of her choosing. Once those issues are decided in probate, Phoebe G. is free to appeal any orders to this Court.
Accordingly, this matter is dismissed, for lack of subject matter jurisdiction.
Pellegrino, J.