[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS (#101)
On March 4, 1998, the plaintiff, Milton Tupay, Administrator of the Estate of Thomas H. Tupay, filed a four count complaint against the defendant, Deborah Murdock,[1] alleging respectively, various activities on the part of the defendant which have prevented the plaintiff from executing his duties as Administrator, theft, breach of contract[2] and negligence. The CT Page 7901 complaint seeks money damages, an accounting and inventory of the property of the estate which is or was in the possession and/or control of the defendant, treble damages pursuant to General Statutes § 52-564 and other relief deemed just and proper.[3]
On April 17, 1998 pursuant to Practice Book § 142 now Practice Book (1998 Rev). § 10-30, the defendant timely filed a motion to dismiss the instant action (the Middletown action) and supporting memorandum of law.[4] On April 22, 1998, the plaintiff filed an objection to the defendant's motion to dismiss.[5]
A. DISCUSSION
"The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter. . . ." (Internal quotation marks omitted.) Sadloski v. Manchester, 235 Conn. 637, 645-46
n. 13, 668 A.2d 1314 (1995). "A court has subject matter jurisdiction if it has the authority to adjudicate a particular type of legal controversy." (Internal quotation marks omitted.)Plasil v. Tableman, 223 Conn. 68, 80, 612 A.2d 763 (1992). "Such jurisdiction relates to the court's competency to exercise power, and not to the regularity of the court's exercise of that power." Id.
"[J]urisdiction of the subject matter is a question of law and cannot be waived or conferred by consent. . . ." (Citations omitted.) Mannweiler v. LaFlamme, 232 Conn. 27, 35, 653 A.2d 168
(1995). "It is axiomatic that once the issue of subject matte; jurisdiction is raised, it must be immediately acted upon by the court." Gurliacci v. Mayer, 218 Conn. 531, 545, 590 A.2d 914
(1991)." [W]henever a court discovers that it has no jurisdiction, it is bound to dismiss the case, without regard to previous rulings." (Internal quotation marks omitted.) In reJudicial Inquiry No. 85-01, 221 Conn. 625, 629, 605 A.2d 545
(1992). However, "the court should indulge every presumption in favor of subject matter jurisdiction." Caserta v. Zoning Boardof Appeals, 219 Conn. 352,362, 593 A.2d 118 (1991), quotingLeConche v. Elligers, 215 Conn. 701, 714, 579 A.2d 1 (1990).
1. Lack of Subject Matter Jurisdiction
First, the defendant claims that the Middletown action should be dismissed for lack of subject matter jurisdiction. The CT Page 7902 defendant claims that the Probate Court has exclusive jurisdiction over this Estate. The plaintiff, in opposition to the motion to dismiss, claims that the Probate Court and the Superior Court have concurrent jurisdiction over this matter.
General Statutes § 45a-98(a) provides, [c]ourts of probate . . . shall have the power to . . . (3) except as provided in section 45a-98a . . . determine title or rights of possession and use in and to any real, tangible or intangible property that constitutes, or may constitute, all or part of any . . . decedent's estate . . . which . . . estate is otherwise subject to the jurisdiction of the Probate Court. . . . "Subsection (b) deems the jurisdiction of the courts of probate pursuant to subsection (a) to be "concurrent with the jurisdiction of the Superior Court does not affect the power of the Superior Court as a court of general jurisdiction." Nevertheless, Probate Court jurisdiction under General Statutes § 45a-98(a)(3) exists "only if (1) the matter in dispute is not pending in another court of competent jurisdiction and (2) the Probate Court does not decline jurisdiction." General Statutes § 45a-98a(a).
The Middletown action "seeks an order for the inventory, accounting and return of the Property which is in the Defendant's possession and/or control and/or has been disposed of by the Defendant since the Decedent's death." (Emphasis added.) (Plaintiff's Complaint, Count One, Paragraph 11.) Additionally, it clearly states that the plaintiff "has commenced an action on behalf of the Estate entitled Milton Tupay v. Deborah Murdock, etal, No. CV-98-0261225S-SPMHAS in the Superior Court for the Judicial District of New Haven at Meriden seeking a judgment for possession of said property." (Plaintiff's Complaint, Count One, Paragraph 4.) Therefore, this matter is pending in another Superior Court. As a result, the Probate Court does not have exclusive jurisdiction over this matter and the motion to dismiss for lack of subject matter jurisdiction is denied.
2. Prior Pending Action Doctrine
Alternatively, the defendant argues that the Probate Court action is a prior pending action which requires the dismissal of the Middletown action.[6] In opposition. the plaintiff argues that the claims raised in the Middletown action are not pending in the Probate Court. CT Page 7903
"It has long been the rule that when two separate lawsuits are virtually alike the second action is amenable to dismissal by the court. . . ." (Citation omitted; internal quotation marks omitted.) Halpern v. Board of Education, 196 Conn. 647, 652,495 A.2d 264 (1985), quoting Solomon v. Aberman, 196 Conn. 359, 382,493 A.2d 193 (1985). "But the rule that the pendency of one action is ground to abate another between the same parties and involving the same issues is not with us one of unbending rigor. . . ."Dettenborn v. Hartford-National Bank Trust, 121 Conn. 388, 393,185 A. 82 (1936). For example, "[i]t may be that because of the inability of the probate courts to grant as complete relief as a court of equity, that court, that is, the Superior Court in the independent action, may properly proceed despite the prior pendency of probate proceedings." Phillips v. Moeller,147 Conn. 482, 490, 163 A.2d 95 (1960). Additionally, "[t]he rule does not apply . . . when the two actions are for different purposes or ends or involve different issues. . . ." (Citations omitted.)Conti v. Murphs 23 Conn. App. 174, 178, 579 A.2d 576 (1990).
"Although Practice Book § 143 [now Practice Book (1998 Rev.) § 10-31] does not specifically set forth that the motion to dismiss shall be used to assert as a ground for abatement the existence of a prior pending action, we have considered that claim on a motion to dismiss even where there is subject matter jurisdiction." Id., 177 Nevertheless, a court "does not have the right to raise, sua sponte, the prior pending action rule when the moving party has not done so. To do so would preclude the opposing party from any opportunity to argue that the doctrine does not apply." Id., 178.
The court finds that the Probate Court action and the Middletown action are not virtually alike. The Middletown action seeks a means to enable the Administrator to take an inventory as he is duty bound to do. Additionally, the Middletown action seeks money damages.
There is no authority granted to the Probate Court to enable it to force an uncooperative third party to enable the Administrator to take an inventory. Likewise, the Probate Court has no authority to award monetary damages. "To deny to [an Administrator] in such a situation as the one before us the right to prosecute an action in the ordinary courts because of the pendency of the probate proceedings would be to deprive him of rights and advantages in the enforcement of his claim which the law intends that he should have, and, at least where he has not CT Page 7904 instituted the probate proceedings, their pendency cannot be permitted to deprive him of the right to bring an ordinary court action." Dettenborn v. Hartford-National Bank Trust Co., supra,121 Conn. 394. The motion to dismiss on the basis of the prior pending action doctrine is denied.
 B. CONCLUSION
Accordingly, for the foregoing reasons and indulging every doubt in favor of jurisdiction, the motion to dismiss is hereby ordered denied.
It is so ordered.
BY THE COURT:
ARENA, J.