SAWYER SAVINGS BANK *v.* AMERICAN TRADING COMPANY, INC., ET AL.

COTTER, C. J., LOISELLE, BOGDANSKI, LONGO and PETERS, Js.

Argued June 13—decision released September 26, 1978

*W. Bradley Morehouse,* with whom was *Thomas P. Weldy,* for the appellants (named defendant et al.).

*R. Cornelius Danaher, Jr.,* with whom, on the brief, was *Susan T. Pearlman,* for the appellee (plaintiff).

LONGO, J. The plaintiff brought an action in the Superior Court for foreclosure of two mortgages, each for $250,000 and having similar terms.[1] The two contiguous parcels of property upon which the loans were taken are located in Danbury, Connecticut, and are owned by the corporate defendant, American Trading Co., Inc., and the defendant Nicholas A. Attick, individually. Those two defendants, hereinafter referred to as the defendants,[*] pleaded a special defense claiming that the plaintiff, Sawyer Savings Bank, was barred from maintaining any action or suit in Connecticut because it violated the provisions of § 36-5a of the General Statutes.[2]

On the basis of the evidence presented at the hearing on the issues raised by the defendants' special defense, the trial court's finding discloses the following material facts: The plaintiff is a savings bank chartered under the laws of the state

---

[1] The trial court considered the matter as if only one mortgage were involved, since the facts and the legal principles were identical.

[*] The defendant Bank of Trumbull took no part in this appeal.

[2] "[General Statutes] Sec. 36-5a. FOREIGN CORPORATIONS NOT TO DO BUSINESS IN THIS STATE. EXCEPTED ACTIVITIES. No banking corporation which is organized under the laws of or has its principal office in any other state shall transact in this state the business authorized by its certificate of incorporation or by the laws of the state under which it was organized, unless empowered so to do by some general or special act of this state, except for the purpose of carrying out and renewing contracts existing on August 1, 1903; provided, without excluding other activities which may not constitute transacting business in this state, no such foreign banking

of New York and has its principal office in Sauger-
ties, New York. The defendant American Trading
Co., Inc., is a Connecticut corporation having its
principal office in Danbury. The defendants initially
approached the plaintiff through the efforts of an
independent mortgage broker. There were no
meetings between the plaintiff and the defendants
in Connecticut specifically concerned with the mort-
gage loans in question. On October 1, 1974, the
mortgage deeds and notes were executed and
delivered in New York, and the necessary funds
were transferred to the defendants in White Plains,
New York. At the time the notes and mortgages
were executed and the funds transferred, the bank
understood that the defendants, either individually
or in a corporate capacity, owned the property
mortgaged by the defendants. The loan was made
in New York and was secured by land in Connect-
icut. Representatives of the plaintiff visited the
mortgaged premises in Danbury prior to making
the loans. No Connecticut bank participated in the
mortgage loans, and the plaintiff had made no other
mortgage loans in Connecticut. On the basis of
the foregoing evidence, the trial court (*Testo, J.*)
found the issues for the plaintiff on the special
defense raised by the defendants, and concluded that

corporation shall be deemed to be doing or transacting business in
this state by reason of its contracting with a bank located in this
state for the acquisition by such foreign banking corporation of a
part interest in or the entire interest in a loan which such domestic
bank proposes to make or in any loan made before or after October
1, 1961, by such domestic bank, or participating with a domestic
bank in making such a loan, together with a like interest in any
security and any security instrument given or proposed to be given
to such domestic bank to evidence such loan. . . . A foreign banking
corporation which transacts business in this state in violation of this
section shall be subject to the penalties imposed by subsections (a),
(d) and (e) of section 33-412."

the plaintiff's acceptance of the two mortgages on Connecticut real estate securing the loans made in New York did not violate the provisions of § 36-5a, and ordered the foreclosures to proceed. The defendants have appealed from the subsequent judgment of foreclosure rendered by the court (*Hull, J.*).

The sole issue presented in this appeal is whether the plaintiff's activities constituted "transacting business in this state" within the prohibition of General Statutes § 36-5a, so as to bar foreclosure under the provisions of § 33-412 (a).[3] We agree with the trial court that there was no violation of § 36-5a.

Section 36-5a generally prohibits a foreign bank such as the plaintiff from transacting in Connecticut the business which it is authorized to conduct under its certificate of incorporation or by the laws of the state under which it was organized,[4] unless it is empowered to do so by the laws of this state. The statute contains two specific exceptions to the proscription against the transacting of business in this state by foreign banks. A foreign bank may (1) contract with a Connecticut bank to acquire a part or entire interest in a loan made by a Connecticut bank, or (2) may participate with a Connecticut bank in making a loan. Neither exception applies to this case.

[3] "[General Statutes] Sec. 33-412. RIGHTS AND LIABILITIES OF CORPORATION TRANSACTING BUSINESS WITHOUT AUTHORITY. (a) No foreign corporation transacting business in this state in violation of section 33-396 shall be permitted to maintain any action, suit or proceeding in any court of this state unless such corporation has obtained a certificate of authority. . . ."

[4] Section 235 of the New York Banking Law (McKinney 1971) specifically authorizes a New York savings bank such as the plaintiff to invest in mortgages and notes on real property.

The statute also contains a general exception, expressed in the phrase "without excluding other activities which may not constitute transacting business in this state." The defendants contend that because the legislature expressly provided two exceptions to the prohibition of § 36-5a, both of which require involvement by a domestic bank in the loan transaction, the legislature necessarily intended to limit the reach of the general exception to other activities by foreign banks that also involve Connecticut banks in some way. We do not agree.

"Legislative intent is to be found not in what the legislature meant to say, but in the meaning of what it did say." *Doe* v. *Institute of Living, Inc.*, 175 Conn. 49, 57, 392 A.2d 491. Generally a statutory term should be given the meaning it has in common usage. Ibid. Nothing in the language of General Statutes § 36-5a suggests that the legislature intended to limit "other activities which may not constitute transacting business in this state" to other activities involving Connecticut banks. The more logical and reasonable interpretation is that the legislature chose to exempt the potentially extensive foreign bank activities described in the two exceptions because of the participation of Connecticut banks, and left to the courts the determination of other foreign bank activities of such a minimal nature as not to constitute "transacting business in this state."

This interpretation is supported by the history of the relevant legislation as judicially construed, of which the legislature must be presumed to be mindful. *Knights of Columbus Council* v. *Mulcahy*, 154 Conn. 583, 589–90, 227 A.2d 413; *Buxton* v. *Ullman*, 147 Conn. 48, 56, 156 A.2d 508, appeal dis-

missed, 367 U.S. 497, 81 S. Ct. 1752, 6 L. Ed. 2d 989. Prior to 1961 the privileges of foreign banks were generally governed by General Statutes §§ 33-395 to 33-412, the foreign corporation statutes, where the phrase "transacting business" appears many times. Section 33-397 (c) then provided: "Without excluding other activities which may not constitute transacting business in this state, nothing in this section shall prohibit a foreign banking corporation from doing any or all of the acts hereinafter set forth." General Statutes § 33-397 (c) was repealed in 1961; Public Acts 1961, No. 423, § 3; and § 36-5a was enacted in the same legislation.

We conclude that in amending the statutory exemptions from the prohibition against the transaction of business in Connecticut by foreign banking corporations, the legislature did not intend to change the nature of the test applicable to business activities not specifically exempted by statute. We have ruled that the question of whether a foreign corporation is transacting business so as to require a certificate of authority must be determined on the complete factual picture presented in each case, and that the corporation's activities must be more substantial than those which would suffice to subject it to service of process. *Eljam Mason Supply, Inc.* v. *Donnelly Brick Co.*, 152 Conn. 483, 485, 208 A.2d 544; see also *Alfred M. Best Co.* v. *Goldstein*, 124 Conn. 597, 1 A.2d 140. Relevant considerations in those cases were the situs of the contract, the presence of corporate offices and agents in Connecticut, and the extent of business activities in Connecticut.

In this case, the record discloses that the negotiations for the loans, the preparation of the mortgage instruments, the signing of the mortgage deeds and

notes, the payment to the defendants of the sums loaned, and the subsequent payments of principal installments and interest took place in New York State. While the mortgage deeds securing the loans were recorded in Connecticut, the final act which had to be done in order to make the agreement between the parties effective, namely, the payment of the monies loaned, was in New York. Clearly, the situs of the contract entered into by the parties was in New York. The plaintiff had made no other mortgage loans in Connecticut. It maintained no office or place of business in the state nor did it have officers or an agent present here for the solicitation of business. We conclude that the trial court did not err in finding that the plaintiff was not transacting business in violation of General Statutes § 36-5a.

There is no error.

In this opinion the other judges concurred.