[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter comes before the court on plaintiff's motion for summary judgment as to liability only. CT Page 8255
The plaintiff, First Commerce of America, Inc., seeks to recover unpaid principal balance and accrued interest pursuant to a note executed between it and the defendant, Bedrock Capitol (Docket No. 315875) and James Mannion, guarantor of said note (Docket No. 315683). The issues are identical in both cases.
It appears undisputed that Bedrock executed a note, guaranteed by Mannion in the amount of $150,000, dated September 4, 1991. The payee of the note was Greenwood Bank of Bethel, and First Commerce is the assignee of F.D.I.C., as receiver for Greenwood Bank. The note, by its terms, was to be paid on or before September 4, 1993. The complaint further alleges that despite due demand, the maker and guarantor have failed, neglected and refused to pay the amounts due under the note.
The defendants filed answers and two special defenses, to wit: (1) the plaintiff is precluded from maintaining this action because it is transacting business without a certificate of authority in violation of Connecticut General Statutes, Secs. 33-396 and 33-412; and (2) the plaintiff, by attempting to collect interest at a rate outside the scope of the promissory note, is engaging in an unfair trade practice.
Both sides have filed with the court a memorandum of law with a supporting affidavit.
Summary judgment is appropriate when "the pleadings affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book, Sec. 384; Bartha v. Waterbury House Wrecking Co., 190 Conn. 8, 11
(1983). The party seeking summary judgment has the burden of showing the nonexistence of any genuinely disputed material facts. D.H.R. Construction Co. v. Donnelly, 180 Conn. 430, 434
(1980). A party opposing summary judgment must substantiate its adverse claim by presenting evidence that demonstrates the existence of a genuine issue of material fact. Burns v. HartfordHospital, 192 Conn. 451, 455 (1984). The facts presented must be viewed in the light most favorable to the nonmoving party.Strada v. Connecticut Newspapers, Inc., 193 Conn. 313, 317
(1984); see Nolan v. Borkowski, 206 Conn. 495, 506-07 (1988);Rawling v. New Haven, 206 Conn. 100, 104 (1988).
I
CT Page 8256
CERTIFICATE OF AUTHORITY
General Statutes, Sec. 33-396 provides, in part, that "[n]o foreign corporation except an insurance or surety or indemnity company shall transact business in this state until it has procured a certificate of authority so to do [sic] from the secretary of the state. . . ." Furthermore, General Statutes, Sec. 33-412 states, in part, that "[n]o foreign corporation transacting business in this state in violation of section 33-396 shall be permitted to maintain any action, suit or proceeding in any court of this state unless such corporation has obtained a certificate of authority."
In its supporting memorandum, plaintiff argues that it is not required to obtain a certificate of authority because plaintiff's activities within the State of Connecticut do not constitute "transacting business" as the term is used in sections 33-396 and 33-412. The plaintiff cites General Statutes, Sec. 33-397 as support for its position. General Statutes, Sec. 33-397(b) provides:
 Without excluding other activities which may not constitute transacting business in this state, a foreign corporation shall not be considered to be transacting business in this state, for the purposes of this chapter, by reason of carrying on in this state any one or more of the following activities: (1) Maintaining or defending any action or suit or any administrative or arbitration proceeding, or effecting the settlement thereof or the settlement of claims or disputes, but nothing in this subdivision shall entitle foreign corporations to maintain suit in this state in violation of section 33-412; (2) holding meetings of its directors or shareholders or carrying on other activities concerning its internal affairs; (3) maintaining bank accounts or borrowing money, with or without security, even if such borrowings are repeated and continuous transactions; (4) maintaining offices or agencies for the transfer, exchange and registration of its securities, or appointing and maintaining trustees or depositaries with relation to its securities; (5) soliciting or procuring orders, whether by mail or through employees or agents or otherwise, where such orders require acceptance without this state before becoming binding contracts; (6) creating evidences of debt, mortgages or liens on real or personal CT Page 8257 property; (7) taking security for or collecting debts due it or enforcing any rights in property securing the same; (8) transacting business in interstate commerce; (9) conducting an isolated transaction completed within a period of thirty days and not in the course of a number of repeated transactions of like nature.
The affidavit filed with plaintiff's reply memorandum states, inter alia, the limitations of the plaintiff's activities in Connecticut. The plaintiff argues in its memorandum that these activities are covered by one or more of the "safe harbors" provisions of Connecticut General Statutes, Sec. 33-397.
The defendants' affidavits do not offer any counter-allegations indicating that the business transactions of the plaintiff are not
protected by the "safe harbors" provisions. Rather, there is a bold assertion that the mere failure to obtain a certificate of authority raises an issue of fact.
Whether a foreign corporation is transacting business in the state which requires a certificate of authority is a question of fact in each case, and the corporation's activities must be more substantial than those which would suffice to subject it to service of process. Sawyer Savings Bank v. American Trading Co.,176 Conn. 185, 190; Peters Production, Inc. v. Dawson, 182 Conn. 526
(1981).
However, the moving party must present evidence in support of its motion for summary judgment. That evidence must demonstrate the existence of some disputed factual issue.
Here, the moving party has presented no evidence, but relies merely on the statement that a certificate was not obtained. The defendants would be on much firmer ground if the statute did not provide "safe harbor" exception. Such, however, is not the case.
 II
UNFAIR TRADE PRACTICES
With regard to the defendants' allegation that the plaintiff is engaging in an unfair trade practice by attempting to collect interest at a rate outside the scope of the promissory note, defendant Mannion states in his affidavit that "First Commerce failed to adjust the interest rate for the note on daily basis CT Page 8258 pursuant to its terms. . . . because First Commerce calculated the interest at a fixed rate of twelve (12%) percent, said interest rate was not determined in accordance with the terms of the note. Therefore, First Commerce is attempting to collect interest at a rate outside the scope of the note." (Affidavit of James Mannion, paragraph 7, dated May 26, 1994.)
"Recovery on a promissory note requires proof of a written promise to pay a certain sum of money at a certain time and signed by the maker." Housatonic Bank Trust v. BuselliAssociates, Judicial District of Ansonia/Milford at Milford, No. 031267, March 5, 1992, Curran, J.). The plaintiff has established through the documents and affidavits filed in support of its motion that the defendant Bedrock was loaned the principal sum of one hundred fifty thousand ($150,000) dollars, and that defendant Mannion was guarantor of the note by virtue of a guaranty dated September 4, 1991 and signed by defendant Mannion. An examination of both supporting and opposing affidavits and the exhibits which accompany them disclose the unchallenged existence of an unpaid debt; Connecticut National Bank v. Great NeckDevelopment Co., 215 Conn. 143, 148, 575 A.2d 206 (1990); "[t]he court may grant a motion for summary judgment on liability only and hold a hearing on damages at a later date"; Rhode IslandHospital Trust v. Martin Trust, Judicial District of Hartford-New Britain at Hartford, No. 700674 (February 18, 1992, Burns, J.); see also Practice Book, Sec. 385.
The motion for summary judgment is granted as to liability only, and the interest calculation can be contested at a hearing in damages.
Mihalakos, J.