[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this action, the plaintiff, S. J. Smith Construction, Inc. ("Smith"), the general contractor of a project built for the defendant BTS Limited Partnership ("BTS"), seeks to foreclose a mechanic's lien placed on the property involved and now owned by the defendant Home Depot U.S.A., Inc. The defendant Blakeslee Presstress, Inc. ("Blakeslee") is a subcontractor of Smith and a named defendant with an interest in the property being foreclosed by virtue of its own mechanic's lien. Although the case is or should be ready for trial pursuant to a court scheduling order, there are several legal issues which have delayed the commencement of trial and have hampered settlement negotiations. Because a resolution of these legal questions could enhance the susceptibility of the case for settlement, or at least expedite the trial itself, the parties with the approval of the court have sought the advice of the court on four questions of law. The issues submitted pose theoretical questions of law except for Question III, which requires a review of the stipulated facts submitted by the parties. All the issues are addressed herein. CT Page 13794
 I
WHETHER CONTRACTUAL INTEREST FOR PAYMENTS DUE AND UNPAID UNDER THE CONTRACT BETWEEN THE GENERAL CONTRACTOR AND THE OWNER IS INCLUDED IN THE "PRICE" THE OWNER AGREED TO PAY FOR THE BUILDING OR LOT DEVELOPMENT SO AS TO BE INCLUDED IN THE LIENABLE FUND UNDER THE CONNECTICUT GENERAL STATUTES.
Our mechanic's lien law, stated in simple terms, provides that land and buildings will be subject to the payment of claims for the construction of such buildings when the claim is by virtue of an agreement with the owner. See C.G.S. 49-33(a). However, such lien shall not attach in favor of any person "to a greater amount in the whole than the price which the owner agreed to pay . . .". (Emphasis added). C.G.S. 49-36(a). Section 49-33(e) also addresses the same point when, in explaining the rights of subcontractors, it states that no mechanic's lien shall attach ". . . in favor of any subcontractor to a greater extent in the whole than the amount which the owner has agreed topay . . .". (Emphasis added). However, § 49-33(f) speaks of ". . . the contract price between the owner . . .". (Emphasis added).
In order to determine whether the statutes mean to include contractual interest in the sums to be secured by a mechanic's lien, one must try to reconcile the apparent conflict in the wording of the various sections. The issue seems to be one of first impression.
It is to be noted that in the construction of statutes, words and phrases should be construed according to their commonly approved usage. See Sawyer Savings Bank v. America Trading Co.,176 Conn. 185, 405 A.2d 635 (1978). "Legislative intent is to be found not in what it meant to say, but in the meaning of what it did say" Doe v. Institute of Living, Inc., 175 Conn. 49, 57,392 A.2d 491 (1978). In pursuing that concept, counsel on both sides of the issue have focused on the meaning of the word "price". Although they both refer to the same Black's Law Dictionary for its meaning, they come up with differing interpretations of the word in the context of the mechanic's lien scenario.[1]
The court believes that contractual interest is included in the sums secured by a mechanic's lien under our statute, for a number of reasons. Let it be said at the outset that it is difficult to explain the use of the different phrases in the CT Page 13795 various sections of the statute. Why the legislature chose to use the phrase ". . . the amount which the owner has agreed to pay . . ."[2] in one place, and ". . . the contract price between the owner. . ."[3] in another, and in still another section ". . . the price which the owner agreed to pay . . ."[4], the court admits is elusive. Nevertheless, since the amount an owner agrees to pay may well consist of a base contract sum, or price, as well as other amounts, including interest, it seems more logical that because the legislature used the phrase ". . . the amount which the owner has agreed to pay. . .", that phrase intends to include the contract price as determined by the addition or subtraction of other items, including in some cases, contractual interest. In order to determine the meaning of a statute, we must consider the statute as a whole when reconciling its separate parts in order to render a reasonable overall interpretation. Broadly v. Board ofEducation, 229 Conn. 1, 6, 639 A.2d 502 (1994).
The court is aided in reaching its conclusion by reference to the theory of our mechanic's lien law as stated in the statute and as explained in case law. We adhere to the "lienable fund" theory, that is to say, the difference by which the amount the owner agreed to pay exceeds that which he has already paid constitutes a lienable fund to which, and only which, the mechanic's lien attaches. See C.G.S. 49-36(a); Seaman v. ClimateControl Corporation, 181 Conn. 592, 436 A.2d 271 (1980). The lienable fund consists of ". . . the unpaid contract debt owed by the owner to the general contractor. . .". Id. 601, 602. The original contractor, then, in order to collect the contractual interest to which he is entitled, must have the lienable fund to which his lien attaches include that interest. Mechanic's lien statutes are remedial in nature and are to be liberally construed in favor of a mechanic's lien. See Camputaro v. Stuart HardwoodCorporation, 180 Conn. 545, 550, 429 A.2d 796 (1980).
Neither is there, as a matter of policy, any reason why a debt incurred by an owner, which debt includes interest due by the terms of the contract, should not be encompassed by the mechanic's lien which arises by statute out of the contractor's performance of that contract. Indeed, were it not so, the contractor would be required to sue the owner through a separate count or a separate lawsuit to collect all that is due to him. Postulating that result undermines the efficacy of the proposition. CT Page 13796
The owners in this action argue that the placement of the interest clause in a different section of the contract than that in which the contract sum, with reference to its additions and deductions, is located, compels the conclusion that interest was not intended to be included in the contract price. If it were, it is argued, it would be set forth along with the other additions and deductions to the contract price in the same section of the agreement. In response, the court notes that although it was provided with a copy of a contract, the question presented was framed as a hypothetical and was not deemed to be fact specific. Nevertheless, I am not persuaded that it makes a significant difference where in a contract between an owner and a contractor the interest clause is placed to find that interest, by statutory interpretation, enlightened by caselaw, is included in the "price" or "amount the owner agreed to pay."
Finally, the owners contend that in those cases where interest was awarded in foreclosures of mechanic's lien[5] the courts were relying only on statutory interest provisions and not contractual provisions. This point is lost upon the court for in order for the contractor to obtain any interest through his lien, it must be deemed to be included in the lienable fund, since ". . . no mechanic's lien may attach to any; building . . . in favor of any person to a greater amount in the whole than the price which the owner agreed to pay . . .". C.G.S. § 39-36(a). Surely, contractual interest for which the contractor had the foresight to provide in its contract with the owner should not be less favored than statutory interest which, in its discretion, a court might award.
The answer to the first hypothetical question is yes, contractual interest is to be included in the lienable fund under the Connecticut General Statutes.
 II
WHETHER, IN THE CONTEXT OF A MECHANIC'S LIEN ACTION, A SUBCONTRACTOR IS ENTITLED TO CLAIM AGAINST THE LIENABLE FUND THE CONTRACTUAL INTEREST SET FORTH IN THE AGREEMENT BETWEEN THE SUBCONTRACTOR AND THE GENERAL CONTRACTOR.
The court answers this question in the affirmative. Once the lienable fund is established by the rationale set forth in Question I above, a subcontractor is entitled to collect the amount of his claim by way of mechanic's lien, subject to the CT Page 13797 provisions of C.G.S. § 49-33(c) and § 49-36, to the full extent of the amount due him. The owners have not convinced the court to the contrary by its several legal arguments.
The owners first claim that a subcontractor cannot lien for contractual interest because of the language of the mechanic's lien statute. C.G.S. § 49-33 provides that "[i]f any person has a claim for more than ten dollars for materials furnished orservices rendered in the construction . . . of any building . . . the building, with the land on which stands . . . is subject to payment of the claims." (Emphasis added) Because interest does not constitute "materials furnished or services rendered" it does not qualify as a lienable item. The owners argue that the claim must be for something which has enhanced the property in some physical manner, laid the ground work for the physical enhancement of the property, or played an essential part in the scheme of physical improvement of the property, citing toThompson and Peck, Inc. v. Division Drywall, Inc., 241 Conn. 370,371-72 (1997).
Thompson and Peck, is distinguishable from the case before us. In that case, an insurance broker claimed a lien because he provided insurance for a subcontractor involved in constructing a building on certain property. The court held that ". . . the legislature did not intend to include within Section 49-33 those persons or businesses whose services have not enhanced the property in some physical manner, laid the ground work for the physical enhancement of the property, or whose work was not an essential part in the scheme of physical improvement." Thompsonand Peck, Inc. v. Division Drywall, Inc., supra, 374. ". . . [O]ur cases reflect a distinction between services and materials that have directly shaped the liened property and those that have not." Id. 376. "A `mechanic' [has been described] as a skilled worker who brings about a result by the use of tools, machines, or equipment." Id. 379.
The subcontractors we are dealing with here are persons or businesses whose services have physically enhanced and directly shaped the liened property, and, indeed, are mechanics. We certainly do not treat interest as a separate and distinct service or material supplied to the job. Rather the concept is simply that a mechanic who provides services or materials which enhance a property is entitled to claim a mechanic's lien for payment which, by contract, includes interest. CT Page 13798
The second proposition set forth by the owners is that interest is distinguished from that which the lien secures. They referred to related provisions of the mechanic's lien statute to illustrate their point. Specifically, they argued that because Section 49-37 provides that a bond substituted for a mechanic's lien shall be in "such amount as a court of competent jurisdiction may have judged to have been secured by the lien, with interest and costs . . ." (Emphasis added), interest is not included in the lien secured, for otherwise there would be no need to designate it separately. However, the court reads the words ". . . with interest . . ." in this section to refer to statutory interest. Because statutory interest is recoverable in a mechanic's lien foreclosure, the legislature has made clear that the bond securing that lien should also, include interest in the event the court, in its discretion, were to award it. There would be no reason to deprive a lienor the opportunity to recover interest on his claim merely because a bond was insufficient to include it. This in no way serves; to undermine the ruling thatcontractual interest is includible in the lien itself as part of the lienor's claim, as fully explained in the preceding paragraphs.
The owner's third argument is that there is no reported case which awarded a lienor interest based upon a contractual provision. Neither has there been drawn to the court's attention any case which has denied contractual interest to a lienor. The court recognizes, as do the parties, that the issue is one of first impression.
The next argument of the owners is that if contractual interest is awarded a subcontractor, he would have priority over other lienors in violation of Section 49-33(c) and 49-36 which provide that each lienor is entitled to a pro rata share of the lienable fund. However, as explained above, contractual interest is a part of the subcontractor's claim. If one lienor has negotiated a more beneficial contract than another, he should not be denied the right to claim the full amount due and owing to him.
Finally, the owners claim that to award contractual interest to a subcontractor could be to enlarge the statute improperly. They remind us that a mechanic's lien is a creature of statute, establishing a right of action where none existed at common law, and cite to H.G. Bass Associates, Inc. v. Ethan Allen Inc.,26 Conn. App. 426, 429, 601 A.2d 1040 (1992). That case addressed CT Page 13799 the requirement of filing a lis pendens and instituting a foreclosure action within the time frame established by Section 49-39, holding that it is not merely a limitation of the remedy, but is a limitation of the cause of action itself. The case does not weaken the long held principle that mechanic's lien statutes are remedial in nature and are to be liberally construed in favor of a mechanic's lien. See, Camputaro v. Stuart HardwoodCorporation, 180 Conn. 545, 429 A.2d 796 (1980).
 III.
III.
WHETHER, ON THE FACTS STIPULATED BY ALL THE PARTIES, PAYMENT TO THE SUBCONTRACTOR, J. F. BARRETT SONS, INC., REDUCES THE LIENABLE FUND.
This question implicates the interpretation of C.G.S. §49-36(c), which provides that an ". . . owner of the land and building shall be allowed whatever payment he has made, in good faith, to the original contractor or contractors, before receiving notice of the lien or liens . . . ." The brief stipulation of facts contains five short paragraphs, and the court does not feel sufficiently informed to attempt to respond to the question on these limited facts. The stipulation does include the fact that Barrett filed and then released a mechanic's lien before any payments were made to him, that the payments were made directly to him by the owner and not to the original contractor, and that the amount of Barrett's lien was included in a lien filed by the original contractor. Although the parties in their memoranda seemed to indicate that liens had also been filed by other subcontractors prior to the time the owner paid Barrett, the stipulation does not clearly recite that. A court deciding the question posed ought to have before it, in order to determine whether the terms of Section 49-36(c) have been met, the facts and circumstances surrounding the release of the Barrett lien, the payment by the owner directly to Barrett rather than to the general contractor, the role played by the general contractor in the payment to Barrett, as well as the role, if any, played by other subcontractors.
This issue should be addressed at trial.
 IV.
WHETHER A COURT CAN REQUIRE THAT A BOND SUBSTITUTED BY A MECHANIC'S LIEN PURSUANT TO C.G.S. § 49-37 INCLUDE AN AMOUNT CT Page 13800 TO SECURE THE AWARDING OF ATTORNEY'S FEES.
Section 52-249 of the C.G.S. authorizes courts to award attorney's fees to successful plaintiffs in actions to foreclose mechanic's liens.[6] In the absence of statutory or contractual authority, attorney's fees cannot be awarded to the prevailing party. A. Secondino Son. Inc. v. LoRicco, 19 Conn. App. 8, 16,561 A.2d 142 (1989). The operative statute here is Section 49-37
which provides for the substitution of a bond for a mechanic's lien, dissolution of the lien, and for an action upon the bond. The statute does not provide for attorney's fees to be awarded in such action as does Section 52-249(a) for the foreclosure of a mechanic's lien. Several superior court cases have reached the conclusion, therefore, that attorney's fees cannot be awarded in an action on a bond given in substitution of a mechanic's lien. See Strober Connecticut Building Supply Centers v. Judd SquareAssociates, L.P., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. CV90 274208, 3 CONN. L. RPTR. 173 (1991) (Flynn, J.); Dixon v. Cardin, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. CV89 0366604 (1993) (Walsh, J.); Atlantic Pipe Corporation v. Quadrangle LimitedPartnership, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. CV87 0336982, 10 CONN. L. RPTR. 306 (1993) (Aurigemma, J.).
Although the mechanic's lien statutes are remedial in nature and are to be liberally construed in favor of the mechanic's lien; Camputaro v. Stuart Hardwood Corporation, supra,180 Conn. 545; construction of § 49-37 generously in favor of the lien ". . . does not permit us to extend the mechanic's lien beyond that which is authorized by the statute" Rene Drywall Co. v.Strawberry Hill Associates, 182 Conn. 568, 573, 438 A.2d 774
(1980); interpretation of the statutes ". . . may not depart from reasonable compliance with the specific terms of the statute under the guise of a liberal construction." Thompson and Peck,Inc. v. Division Drywall, Inc., supra, 241 Conn. 375-76.
Attorney's fees are not recoverable in an action upon a bond given in substitution of a mechanic's lien because they are not authorized by the mechanic's lien statutes. If this creates an inequity for a lienor whose lien is dissolved and a bond substituted therefor it is a condition which must be remedied, if at all, by the legislature.
D'ANDREA, J. CT Page 13801