GEORGE R. STURGES, ADMINISTRATOR, C. T. A., *vs.*
CHRISTOPHER WAGNER ET AL.

Third Judicial District, Bridgeport, October Term, 1928.
WHEELER, C. J., MALTBIE, HAINES, HINMAN AND BANKS, JS.

Argued October 26th, 1928—decided January 24th, 1929.

(1)

2

*Richardson Bronson,* for the appellant (defendant Christopher Wagner).

*Frank P. McEvoy,* for the appellee (plaintiff).

HAINES, J.  The complaint is in two counts, the first alleging a loan to the defendants of $3,000 by the decedent Irene Schreiber which had not been paid, and the second a loan of $2,000 also unpaid.

The judgment in favor of the defendant G. Leslie Turner, upon which no appeal is made, eliminates this defendant from our present consideration, and the only questions before us relate to the defendant Wagner alone.

His answer denies the allegations of the first count that $3,000 was loaned to him, and as to the second count admits that the $2,000 was loaned to him and that he had not repaid it.  Then, as a special defense to this count, he alleges that the money was borrowed by him from Irene Schreiber to assist him in the purchase of a farm, and that he gave her a note for the amount; that at the time of giving this note it was agreed between them that she should pay him $5 per week for her board and lodging so long as she lived with him, and that she was also to assist in household duties; that she in fact paid him nothing to the time of her death; that about August 1st, 1923, something more than a year after the first agreement had been made,

it was agreed between them that if he would agree to furnish her a home, care, board and lodging for the remainder of her life and would cancel all claims which he had against her for board and lodging previously furnished, she on her part would destroy the note for $2,000 and all obligation thereunder; that this agreement was in fact concluded between them and she informed Wagner that she had destroyed the note. It was admitted that Irene Schreiber died about December 21st, 1926. In replying to this special defense, the plaintiff made various denials and admissions, one of the latter being the defendant's allegation that "at the time of giving said note Mrs. Schreiber agreed to pay the defendant Wagner the sum of $5 a week for the entire period that she lived with said Wagner."

Upon the trial of the action a judgment was rendered in favor of the plaintiff for $2,686.66 which was for the loan of $2,000 and interest claimed in the second count.

The appellant assigns as error the refusal of the court to set aside the verdict, but none of the evidence is before us and this claim can therefore only be considered in connection with the alleged errors in the charge. These relate to the effect of the admission regarding the agreement to pay $5 a week which we have quoted above, and to the rights of the defendant under his pleadings and evidence. The court called the attention of the jury to the allegations of the special defense, repeating them substantially as alleged in the pleading, including the statement above quoted which the plaintiff had admitted, and told the jury: "If this defendant has failed to establish these material and essential allegations of his answer, the plaintiff is entitled to a verdict in his favor against him for the amount of the loan, together with interest at the rate of six per cent per annum from the time that the

loan was made to the present time"; that these allegations of the special defense indicated that Wagner was not endeavoring to set off the value of the board and lodging against the plaintiff's claim, but was relying solely upon an agreement which he claimed the decedent made with him by which the loan was paid and liquidated in the lifetime of Irene Schreiber; that the verdict must be for the plaintiff if the defendant Wagner had failed to satisfy them that the agreement to destroy the note and cancel the indebtedness in return for the care and support of Irene Schreiber during her lifetime, was in fact made between them; that even though the jury should find that Wagner had furnished board and lodging for which he had not been compensated, he could not set it off against this claim for $2,000 for the reason that no claim of set-off was made in the pleadings.

Though it is alleged the agreement to pay $5 a week was made at the time the note was given, there is no allegation that the defendant Wagner thereafter furnished the board and lodging required of him under that agreement. But aside from this, the pleading clearly is that there was a second agreement which took the place of the first one, and the evidence offered by the defendant shows that he also agreed at that time not to make any claim under the $5 a week agreement. It is alleged that the last agreement was made in August, 1923, by which Irene Schreiber was to destroy the note and cancel the obligation of $2,000 in consideration of his agreement to furnish her care and support for the rest of her life. Again it is not alleged that he performed his part of this contract, though his evidence that he had done so was admitted. If this defect in the pleading be overlooked in view of the fact that this evidence was admitted apparently without objection from the plaintiff, it still remains true, as

stated by the court, that the defendant was required to prove the agreement last made with her. If he failed to do this, his evidence would amount to no more than proof that he had furnished her board and lodging for which he had not been paid. He could not recover this in the present action because his pleading asked no recovery outside the last-mentioned agreement; he had made no counterclaim and pleaded no set-off of the amount against the plaintiff's claim for the $2,000. General Statutes, § 5635; Practice Book, p. 35, p. 496, Forms 422, 423.

One of the specific assignments of error is that the first agreement to pay $5 a week having been admitted in the plaintiff's reply, it was error for the court to include it among the facts which the defendant was obliged to prove; and to say to the jury that it was a material allegation and if not proved by the defendant by a preponderance of the evidence, the plaintiff was entitled to a verdict for the amount of the loan with interest. The position of the appellee is that if this was erroneous, it was only technically so and was, in any event, immaterial, and did not harm the defendant.

It was vital to the defendant to satisfy the jury that the second agreement had in fact been made. He was entitled to have his claim go to the jury with all the support which was furnished by the pleadings and the evidence. The jury would naturally and properly give much consideration to the probability or improbability that the parties would make the second agreement. It was admitted by the plaintiff that there was then in existence a contract by which the decedent was to pay the defendant $5 per week for board, and the evidence was undisputed that she had lived with him from January 6th, 1922, to August 1st, 1923, when the second agreement, to cancel the $2,000 note, was made. Not

only was it erroneous to say to the jury that the defendant must *prove* the agreement to pay this board, but a proper presentation of the defendant's claim would have pointed out the fact that this agreement stood admitted. The jury would then have seen that when this second agreement was proposed by the decedent, who had then lived with the defendant about seventy-three weeks, she would, at $5 per week, have owed him $365. The claimed consideration for the cancellation of the $2,000 note was the surrender by the defendant of this prior claim for board and the undertaking to continue to furnish board to the time of the death of the decedent, certainly a not unreasonable agreement. Had the situation been thus presented to the jury, it would inevitably have weighed heavily in support of the reasonableness and probability of the second agreement. Under the charge as made, if the defendant failed to prove this claim for board to the satisfaction of the jury, they were permitted to render a verdict against him for the entire amount of the loan with interest. This they did. The court said to them: "If this defendant has failed to establish these material and essential allegations of his answer, the plaintiff is entitled to a verdict in his favor against him for the amount of the loan, together with interest at the rate of six per centum per annum from the time that the loan was made to the present time."

We think the jury must have understood that the first agreement was in effect removed from their consideration; and certainly the true relation of the first agreement to the second was not put before them. Under the charge as given, the jury were permitted to rule out the first agreement on either one of two grounds: first, by requiring proof of it when it was in fact admitted, and second, by treating it as applicable

only to a set-off which could not be considered because not pleaded. On the other hand, if it had been called to their attention that the obligation for board was established by admission, and that its surrender was claimed to be part of the consideration for the second agreement, the jury could hardly have failed to look upon it as greatly enhancing the probability that the second agreement was made as claimed by the defendant.

On the whole, we feel that the merits of the defendant's claim were not fully presented to the jury. The materiality of this failure is shown by the fact that the value of the decedent's board during the time the second agreement was claimed to have been in force, would add about $835 to the former charge, bringing the total to approximately $1,200, and the result would be to unjustly enrich the decedent's estate by that amount.

There is error and a new trial is ordered.

In this opinion the other judges concurred.