[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The defendant claims that the plaintiff cannot bring this action in Connecticut because it is a foreign corporation which is not registered with the secretary of state as required by section 33-396(a) of the General Statutes. The defendant relies upon section 33-412(a) C.G.S., which provides in part that "[n]o foreign corporation transacting business in this state in violation of section 33-396 shall be permitted to maintain any action, suit or proceeding in any court of the state unless such corporation has obtained a certificate of authority." An attack on the corporate capacity of the plaintiff to sue must be raised in a special defense. Section 164 Connecticut Practice Book; United States Trust Co. of New York v. DiGhello, 179 Conn. 246,249. The plaintiff filed a special defense which has been denied by the plaintiff, and the plaintiff then filed this motion for summary judgment on the issue. In support of the motion the defendant filed answers to interrogatories which indicate that the plaintiff did not maintain an office in Connecticut between 1983 and 1988, and that it is a New York corporation that specializes in commercial insurance brokerage and risk management services. Section 33-412 prevents a foreign corporation which transacts business in Connecticut from maintaining an action in the courts of this state if it has not obtained a certificate of authority to CT Page 4554 transact business here. Peters Production, Inc. v. Dawson,182 Conn. 526, 529; Poly-Pak Corporation of America v. Barrett, 1 Conn. App. 99, 103. Whether a foreign corporation is transacting business in the state which requires a certificate of authority is a question of fact in each case, and the corporation's activities must be more substantial than those which would suffice to subject it to service of process. Sawyer Savings Bank v. American Trading Co.,176 Conn. 185, 190; Peters Production, Inc. v. Dawson, supra, 529.
Once the moving party has presented evidence in support of a motion for summary judgment, the opposing party must present evidence that demonstrates the existence of some disputed factual issue. State v. Goggin, 208 Conn. 606, 616. In opposing the motion for summary judgment the plaintiff claims that it has filed an amended reply dated April 16, 1991 to the interrogatories of March 9, 1989. The plaintiff also claims that it obtained authority to transact business in Connecticut on July 22, 1987, prior to commencement of this action on December 28, 1987. The amended discovery response is not part of the court file, and no documents were submitted in opposition to the motion for summary judgment. While counsel presumably would not misrepresent material facts to the Court, statements of counsel are not evidence.
In order for the defendant to prevail on the motion, it must be shown that the plaintiff was transacting business in Connecticut when the suit was started and that it had not registered with the secretary of state before commencing the action. Where a party may be able to present facts essential to oppose a summary judgment, the court can defer action on it to allow evidence to be obtained to oppose the motion. Section 382, Connecticut Practice Book. The motion is denied without prejudice to its renewal by the defendant if the plaintiff does not present evidence, admissible under sections 380 and 381 of the Practice Book, within three weeks of this order.
ROBERT A. FULLER, JUDGE