[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The plaintiff has filed a motion to strike the first and second counts of the counterclaim of the defendant, Fish Now, Inc., on the ground that the defendant is not a corporation registered in Connecticut, so that section 33-412 of the General Statutes prohibits it from filing the counterclaim.
When ruling on a motion to strike, all the facts in the challenged pleading are accepted as true, and the complaint is construed in the manner most favorable to the pleader. Blancato v. Feldspar Corporation, 203 Conn. 34,36, 37. With a motion to strike, the court is limited to facts alleged in the pleading. King v. Board of Education,195 Conn. 90, 93. Evidence outside the pleading, such as a claim that the defendant is not a corporation registered in Connecticut, cannot be considered. Tilo Co. v. Fishman,164 Conn. 212, 213; Connecticut State Oil Co. v. Carbone,36 Conn. Sup. 181, 182-83.
Section 33-412 (a) of the General Statutes provides in part that "[n]o foreign corporation transacting business in this state in violation of section 33-396 shall be permitted CT Page 8538 to maintain any action, suit or proceeding in any court of this state unless such corporation has obtained a certificate of authority." Section 33-396 (a) prohibits a foreign corporation from transacting business in this state until it procures a certificate of authority from the Secretary of State. The defendant counters that a foreign corporation engaged solely in interstate business does not require a certificate of authority, and that section 33-397 (a) allows it to purchase, hold, sell and convey real and personal property within the state without such conduct amounting to transacting business in this state.
Whether a foreign corporation is transacting business to a sufficient extent to require a certificate of authority is a question of fact which is resolved by examining the complete factual circumstances of each case. Peters Production, Inc. v. Dawson, 182 Conn. 526, 529; Sawyer Savings Bank v. American Trading Co., 176 Conn. 185, 190. Motions to strike are not appropriate to resolve such questions of fact and, as previously noted, facts outside the counterclaim cannot be considered.
A motion to strike also cannot be used to make an attack on the capacity of a party to sue as a corporation, and such a claim must be raised in the form of a special defense. United States Trust Co. of New York v. DiGhello,179 Conn. 246, 249. This allows the defendant to prove that its conduct falls within one of the categories of activity expressly declared by section 33-397 as not constituting transaction of business by an unregistered corporation. Peters Production, Inc. v. Dawson, supra, 530. Whether the conduct is exempt as claimed is also a factual issue that cannot be resolved at this time.
The motion to strike is denied.
ROBERT A. FULLER, JUDGE