[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The issue raised in this motion for summary judgment is whether a foreign corporation's claim to recover sums is barred for lack of a certificate of authority to transact business in this state.
Plaintiff brought this action in writ, summons and complaint dated December 10, 1990 against the defendants Carmen T. D'Amore and Rae Ellen D'Amore, owners and operators of CTD Landscaping, Inc., on a personal guaranty.
Summary judgment is appropriate when "the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book Sec. 384; Bartha v. Waterbury House Wrecking Co., 190 Conn. 8, 11
(1983). The party seeking summary judgment has the burden of showing the non-existence of any genuinely disputed material facts. D.H.R. Construction Co. v. Donnelly, 180 Conn. 430, 434
(1980). A party opposing summary judgment must substantiate its adverse claim by presenting evidence that demonstrates the existence of a genuine issue of material fact. Burns v. Hartford Hospital, 192 Conn. 451, 455 (1984). The facts presented must be viewed in the light most favorable to the non-moving party. Strada v. Connecticut Newspapers, Inc.193 Conn. 313, 317 (1984); see Nolan v. Borkowski, 206 Conn. 495,506-07 (1988); Rawlings v. New Haven, 206 Conn. 100, 104
(1988). CT Page 1660
Between June 1, 1989 and July 31, 1989, plaintiff sold and delivered to CTD Landscaping, Inc., various foods and materials on an open account at agreed upon prices. CTD Landscaping, Inc., failed to make timely payment. The plaintiff seeks to recover from both individual defendants.
The defendants filed an answer denying the allegations and a special defense asserting that plaintiff, being a foreign corporation, is barred from initiating the complaint because it ailed to procure a certificate of authority to transact business in this state. Conn. Gen. Stat. 33-39 and 33-412.
The plaintiff, in its reply, alleges that the subject sales were done in interstate commerce and therefore, exempt it from having a certificate of authority. Conn. Gen. Stat. 33-397.
Conn. Gen. Stat. 33-412, supra, requires a foreign corporation transacting business in Connecticut to have a certificate of authority in order to maintain a lawsuit in state courts. The defendants, however, failed to allege that the plaintiff was transacting business in this state; accordingly the special defense is critically flawed. Peters Production, Inc. v. Dawson, 182 Conn. 526 (1980). The absence of this allegation renders the special defense insufficient at a matter of law. Id. at 529. A corporation not transacting business in this state may freely bring and maintain a lawsuit without offending General Statutes 33-396 and 33-412 (a). Peters Production, Inc. v. Dawson, 182 Conn. 526 (1980) (quoting Eljam Mason Supply, Inc. v. Donnelly Brick Co., 152 Conn. 483 (1965)).
In Connecticut, the certificate of authority is not essential unless a foreign corporation is "transacting business" within the state. Additionally, the certificate of authority when applicable is required not in the initiation of a complaint but in its maintenance. The gravamen of 33-412, supra, requires a certificate of authority only to maintain an action." Ballentine's Law Dictionary states "maintain an action" means to "uphold, continue on foot, and keep from collapse a suit already begun." BALLENTINE'S LAW DICTIONARY 764 (3rd ed. 1969).
The defendants' affidavit declares that plaintiff had no certificate of authority during the 60 day contract period; however, this is insufficient to trigger the preclusion of a lawsuit for failure to have a certificate of authority. In their request for admissions, the defendants failed to question whether plaintiff obtained a certificate of authority during the period between the conduct of business and the ensuing litigation.
Accordingly, defendants' motion for summary judgment is CT Page 1661 denied.
SPADA, J.