[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE #110
The plaintiff brings this action to foreclose on a lien on the defendant s property. The plaintiff filed the lien on the defendant s property after obtaining a judgment against the defendant in a New York court. On June 12, 1995, the defendant filed an answer and three special defenses. The plaintiff now moves to strike these special defenses on the grounds that they are legally insufficient because they do not comply with Practice Book § 164, and because they do not attack the making, validity or enforcement of the lien. CT Page 10550
A special defense filed pursuant to Practice Book § 164 "requires the pleading of facts which are consistent with the plaintiff's statement of facts, but show, nevertheless, that [the plaintiff] has no cause of action. . . ." Northeast Savings, F. A.v. Dunst, 6 Conn. L. Rptr. 333 (April 15, 1992, Nigro, J.). With respect to foreclosure actions, the majority of courts have held that a special defense to a foreclosure action must attack the making, validity or enforcement of the note or mortgage. SeeLafayette Bank Trust Co. v. D'Addario, 10 Conn. L. Rptr. 224
(November 28, 1993, Maiocco, J.); Shoreline Bank Trust Co. v.Leninski, 8 Conn. L. Rptr. 522, 524 (April 26, 1993, Celotto, J.);Bristol Savings Bank v. Miller, 7 Conn. L. Rptr. 517, 518 (October 19, 1992, Aurigemma, J.). Thus, in the present case, the special defenses, to be legally sufficient, must attack the making, validity or enforcement of the plaintiff s judgment lien.
The defendant alleges the following special defenses
 (1) First Special Defense: The plaintiff is equitably estopped from foreclosing the judgment lien;
 (2) Second Special Defense: The amount due Pennie 
Edmonds . . . will be setoff by the defendant's claim against Pennie Edmonds pending in this Court. . . .;
 (3) Third Special Defense: The defendant is afforded an exemption by Public Act No. 93-301.
With respect to the first special defense, equitable estoppel may be raised as a special defense in a foreclosure action.Tradesman's National Bank of New Haven v. Minor, 122 Conn. 419,422-25, 190 A. 270 (1937). While the theory of equitable estoppel may constitute a valid special defense, the defendant s first special defense is legally insufficient because it is devoid of factual allegations which attack the making, validity or enforcement of the lien.
With respect to the second special defense, a setoff is a debt independent of the action sued upon. Savings Bank of New London v.Santaniello, 130 Conn. 206, 210, 33 A.2d 126 (1943). While a setoff must be affirmatively pleaded as part of the answer; Practice Book § 168; Peters Production Inc. v. Dawson, 182 Conn. 526,528, 438 A.2d 747 (1980); a setoff is distinct from a special defense because a setoff does not show that a plaintiff has no cause of action. Rather, the setoff shows that there are mutual CT Page 10551 debts between the parties. General Statutes § 52-139; Hubley Mfg.v. Ives, 81 Conn. 244, 247 (1908). Thus, the defendant's second special defense is legally insufficient.
In the third special defense, the defendant raises the "homestead exemption" pursuant to General Statutes § 52-352b, which provides in pertinent part that "[t]he following property of any natural person shall be exempt: . . . (t) The homestead of the exemptioner to the value of seventy-five thousand dollars, provided value shall be determined as the fair market value of the real property less the amount of any statutory or consensual lien which encumbers it. . . ."
The "homestead exemption," or any other exemption contained in § 52-352b, does not attack the making, validity or enforcement of the lien, nor does it in any other way show that the plaintiff has no cause of action. Contrary to the defendant s argument that the "homestead exemption" must be specially pleaded, General Statutes § 52-361b(d) provides in pertinent part that "a judgment debtor may claim an exemption as to property . . . sought to be levied on . . . in a supplemental proceeding to the original action by return of a signed exemption claim form. . . ." Thus, the "homestead exemption" is unnecessary and legally insufficient when pleaded as a special defense.
Accordingly, the court grants the plaintiff s motion to strike as to all three of the defendant s special defenses.
Dated at Bridgeport, this 8th day of September, 1995.
RICHARD J. TOBIN, JUDGE