[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, American Corporation, commenced this action against the defendants, Two River Road, LLC, and Shell Oil Company by service of process on June 27, 1995, and June 28, 1995, respectively. On July 25, 1995, the plaintiff filed an amended complaint, alleging in a single count that the defendant, Two River Road, LLC, refused to pay for materials, amounting to $27,141.00, that the plaintiff provided to the defendant for the purpose of erecting a steel canopy on the premises of the defendant. The plaintiff alleged that on May 5, 1995, the plaintiff had a deputy sheriff serve upon the defendant a notice of intent to file a Mechanic's Lien. On the same day the plaintiff filed a Certificate of Mechanic's Lien with the town clerk of the Town of Wallingford, claiming a lien on the defendant's premises for the sum of $27,141.00.
On August 14, 1995, the plaintiff filed a motion for default against the defendant for failure to appear that was granted by the clerk of the court. Subsequently, the defendant appeared on August 16, 1995. On August 17, 1995 the defendant filed a request to revise the plaintiff's amended complaint. On September 12, 1995 the defendant filed a motion to dismiss, accompanied by a CT Page 14232 memorandum of law in support of its motion and an affidavit. On September 18, 1995, the plaintiff, as required by Practice Book § 143, timely filed a memorandum of law in opposition, accompanied by two exhibits. On October 2, 1995, the defendant filed a supplemental memorandum of law.
The purpose of a motion to dismiss is to test whether, on the face of the record, the court is without jurisdiction. Upson v.State, 190 Conn. 622, 624, 461 A.2d 991 (1983). A motion to dismiss, "properly attacks the jurisdiction of the court essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." Gurliacci v. Mayer, 218 Conn. 531, 544, 590 A.2d 914
(1991). Furthermore, the motion to dismiss "admits all well pleaded facts, the complaint being construed most favorably to the plaintiff. . . ."
The defendant moves to dismiss the plaintiff's complaint on three grounds. The first ground is that the court lacks personal jurisdiction over the defendant because service of process was defective. The second ground claims that the transacting of business by the plaintiff is barred by General Statutes § 35-1, in that the plaintiff has failed to file a trade name certificate. The third ground relied upon by the defendant is that the transacting of business by the plaintiff is barred by General Statutes § 33-396, in that the plaintiff has failed to obtain a certificate of authority from the Secretary of State in Connecticut.
The defendant argues in its motion to dismiss that the plaintiff failed to follow the provisions of General Statutes § 49-35, which dictates the requirements for serving a Notice of Intent to file a Mechanic's Lien. The defendant argues that the sheriff who served the notice "has no jurisdiction to make such service as a deputy sheriff out of his county and is not a sheriff in New Haven County." (Defendant's Memorandum in Support.)
The plaintiff argues that the defendant's claim of lack of jurisdiction by defective service of process has been waived because the defendant's request to revise was filed before its motion to dismiss.
Personal jurisdiction may be created through consent or waiver. Bridgeport v. Debek, 210 Conn. 175, 180, 554 A.2d 728
(1989). "In the absence of timely objection by the parties served CT Page 14233 to such alleged procedural defects, the ordinary rule is that the defects have been waived." Morgan v. Brown, 219 Conn. 204, 208,592 A.2d 925 (1991). Practice Book § 144 provides in relevant part: "[a]ny claim of lack of jurisdiction over the person or . . . insufficiency of service of process is waived if not raised by a motion to dismiss filed in the sequence provided in Secs. 112 and 113. . . ." The order of pleadings set forth in Practice Book § 112 is as follows: "(1) The plaintiff's complaint. (2) The defendant's motion to dismiss the complaint. (3) The defendant's request to revise the complaint. . . ." Practice Book § 113 provides: "In all cases, when the court does not otherwise order, the filing of any pleading provided for by the preceding section will waive the right to file any pleading which might have been filed in due order and which precedes it in the order of pleading provided in that section." See also Sabino v. Ruffolo, 19 Conn. App. 402, 404,562 A.2d 1134 (1989) (pleadings are not to be filed out of the order specified in Practice Book § 112, and the filing of a pleading listed later in the order set out by Practice Book § 112 waives the right to be heard on a pleading that appears earlier on the list).
In the present action the defendant's request to revise was filed on August 17, 1995, and its motion to dismiss was not filed until September 12, 1995. Thus, the defendant has waived the right to raise the question of insufficiency of service of process since the pleadings were not filed in the order provided by Practice Book § 112.
The defendant's second and third grounds for its motion to dismiss are that the court lacks subject matter jurisdiction over the plaintiff because of the plaintiff's failure to comply with General Statutes § 35-1, which requires a foreign corporation transacting business in the state of Connecticut to file a Trade Name Certificate, and General Statutes § 33-396, which requires a foreign corporation transacting business in Connecticut to obtain a certificate of authority from the Secretary of the State of Connecticut. The defendant argues that by virtue of General Statutes § 33-412, the plaintiff does not have standing to maintain an action in Connecticut unless they have obtained a certificate of authority pursuant to General Statutes § 33-396.
The plaintiff argues that there is no factual basis upon which to conclude that the plaintiff corporation transacts any business in the State of Connecticut. Thus, they do not need to adhere to the statutory requirements of General Statutes § 35-1 and § 33-396. The plaintiff further argues that "the failure to comply with the CT Page 14234 statutory requirements recited by the defendant is not a proper subject for a Motion to Dismiss." (Plaintiff's Memorandum in Opposition).
Practice Book § 143 provides in pertinent part that, "[t]he motion to dismiss shall be used to assert . . . lack of jurisdiction over the subject matter. . . ." "Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong." (Internal quotation marks omitted.) Ambroise v. William Raveis Real Estate, Inc.226 Conn. 757, 764-65, 628 A.2d 1303 (1993). "A court has subject matter jurisdiction if it has the authority to adjudicate a particular type of legal controversy. Such jurisdiction relates to the court's competency to exercise power, and not to the regularity of the court's exercise of that power. . . ." (Citation omitted; internal quotation marks omitted.) Plasil v. Tableman,223 Conn. 68, 80 612 A.2d 763 (1992). "The Superior Court lacks subject matter jurisdiction only if it has no competence to entertain the action before it." Bridgeport v. Debek, 210 Conn. 175, 180,554 A.2d 728 (1989).
Unlike personal jurisdiction, "[p]arties cannot confer subject matter jurisdiction on the court, either by waiver or by consent."Sadloski v. Manchester, 228 Conn. 79, 84, 634 A.2d 888 (1993). Also, the court cannot confer jurisdiction upon itself. Colby v.Colby, 33 Conn. App. 417, 420, 635 A.2d 1241 (1994), citing Castrov. Viera, 207 Conn. 420, 541 A.2d 1216 (1988). "Whenever the absence of jurisdiction is brought to the notice of the court or tribunal, cognizance of it must be taken and the matter passed upon before it can move one further step in the cause. . . ." (Citations omitted; internal quotation marks omitted.) Baldwin Piano OrganCo. v. Blake, 186 Conn. 295, 297, 441 A.2d 183 (1982).
General Statutes § 35-1 governs the use of fictitious trade names, and it requires the filing of a certificate in the office of the town clerk where the business is to be transacted or conducted. The purpose is "to protect the public by giving notice or information as to the person with whom they deal, and to afford protection against fraud and deceit." (Emphasis omitted; internal quotation marks omitted.) Metro Bulletins Corporation v.Soboleski, 30 Conn. App. 493, 499, 620 A.2d 1314, cert. granted,225 Conn. 923, 625 A.2d 823 (1993). This statute provides penalties for noncompliance, and a violation of its provisions may result in a fine or imprisonment and failure to comply with its provisions is deemed an unfair or deceptive trade practice under CT Page 14235 General Statutes § 42-110b(a). Nothing in the plain language of the statute, however, indicates that a violation of General Statutes § 35-1 prevents a party from maintaining a suit in Connecticut.
In Pullman Comley v. Ruger, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 296295, (February 11, 1995, Leheny, J., 8 CSCR 269), the defendant moved to dismiss the plaintiff's complaint, arguing, in pertinent part, that the plaintiff failed to register its trade name in violation of General Statutes § 35-1. The court denied the defendant's motion to dismiss, stating that "[t]he defendants have cited no authority in support of their proposition that a violation of § 35-1 deprives one of access to the courts."
In the present case, the defendant cites Schwartz v. BestConstruction and Developing Co., Inc, Superior Court, judicial district of Stamford/Norwalk at Stamford (April 26, 1995, Lewis, J.), in support of its claim that the plaintiff's failure to file a trade name certificate in compliance with General Statutes § 35-1
deprives this court of subject matter jurisdiction. In Schwartz,
the defendant filed a mechanic's lien on the plaintiff's property. The plaintiffs alleged that the defendant was not the entity that they contracted with and thus had no right to file a mechanic's lien against their property. They further asserted that the defendant had not filed a certificate with the Town of Greenwich, in accordance with General Statutes § 35-1, and thus could not file a mechanic's lien against the plaintiffs. The court in Schwartz,
held that although the defendant was authorized to conduct business in Connecticut, it did not file a trade name certificate in accordance with General Statutes § 35-1 and it was not the same entity that contracted with the plaintiffs in the first place. Therefore, it did not have the authority to file a mechanic's lien.
Schwartz is inapplicable to the present action since the issue was who or what entity was entitled to file a mechanic's lien against the plaintiffs' property. In the present action, the issue is whether the court lacks subject matter jurisdiction over the plaintiff due to its noncompliance with General Statutes § 35-1. Furthermore, Schwartz does not stand for the proposition that a failure to file a certificate deprives the court of subject matter jurisdiction over the plaintiff.
In addition, the supreme court in Sagal v. Fylar, 89 Conn. 293,298, 93 A. 1027 (1915) held that "the transaction of business by one under an assumed name or designation, without filing the CT Page 14236 certificate required by chapter 277 of the Public Acts of 1911 [now General Statutes § 35-1], may render the offender liable to fine or imprisonment as provided by the Act; but the statute does not exact any further penalty, nor does it prevent the offender from enforcing any contract he has made which is otherwise legal." (Alterations in original.) Id. Thus, Sagal implies that a party may bring a mechanic's lien under a valid contract, despite noncompliance with General Statutes § 35-1.
Accordingly, a violation of General Statutes § 35-1, which requires a foreign corporation transacting business in Connecticut to file a trade name certificate, does not implicate the subject matter jurisdiction of the court.
The plaintiff's failure to comply with General Statutes § 33-396 and § 33-412 is not properly raised by a motion to dismiss. The majority of courts have held that the appropriate vehicle by which to enforce the statutory requirements of § 33-396 and § 33-412(a) is by way of a special defense to an action and not a motion to dismiss because a violation of § 33-412 does not invoke the subject matter jurisdiction of the court. See, e.g., U.S. Trust Co. ofN.Y. v. DiGhello, 179 Conn. 246, 425 A.2d 1287 (1979) (an attack on the corporate capacity of the plaintiff to sue must be raised by way of special defense); Boxed Beef Dist. v. Rexton, 7 Conn. App. 555,509 A.2d 1060 (1986) (the appropriate vehicle by which to implement enforcement of the prohibition of § 33-412 (a) is a special defense to an action); Starwood Capital Group v. Kukral, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 140043 (June 15, 1995, D'Andrea, J.) (the lack of certificate of authority in violation of § 33-412 must be specially pleaded and does not give rise to an issue of subject matter jurisdiction);Nynex Information v. Morenz, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 131857 (May 24, 1995, Karazin, J.). See also Peters Production, Inc. v. Dawson,182 Conn. 526, 438 A.2d 747 (1980) (by way of special defense, the defendants attempted to raise the issue of whether the plaintiff was barred from maintaining this action by General Statutes § 33-412).
Furthermore, when a plaintiff's capacity to sue is attacked, Practice Book § 160 specifically states in part that, "[i]f the defendant intends to controvert the right of the plaintiff to sue as executor, or as trustee, or in any other representative capacity, or as a corporation . . . he shall deny the same in his answer specifically." Practice Book § 164 states in pertinent part CT Page 14237 that an "illegality not apparent on the face of the pleadings . . . must be specially pleaded. . . ."
An assertion that the plaintiff is "transacting business" in Connecticut is a key element in claiming a violation of General Statutes §§ 33-396 and 33-412. This element must be properly pleaded, or it renders the special defense insufficient. "The transacting business element is an especially important one to be properly pleaded at trial because whether a foreign corporation is transacting business so as to require a certificate of authority is a question which must be resolved by examining the complete factual circumstances of each case. Peters Production, Inc. v. Dawson,
supra, 182 Conn. 529. "When the issue is raised as a special defense, the plaintiff has the opportunity to show that its conduct did not constitute "transacting business" in this state. . . . A corporation which is not transacting business in this state may freely bring and maintain a lawsuit without offending § 33-412(a)." (Citation omitted.) Kraft Foodservice v. Fine Host Corp., Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 137174, (April 18, 1995, D'Andrea, J.).
The defendant has not properly raised a violation of General Statutes § 33-396 and § 33-412, since such a claim must be made by way of a special defense.[1]
The defendant has waived lack of personal jurisdiction by defective service of process because it failed to plead within the order prescribed by Practice Book § 112. Furthermore, the defendant's claim that the plaintiff has failed to comply with General Statutes § 35-1, § 33-396 or § 33-412 does not implicate the subject matter jurisdiction of the court. Thus, the defendant's motion to dismiss is denied.
Donald W. Celotto State Trial Referee