[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ONPLAINTIFF'S MOTION TO STRIKE SPECIAL DEFENSES
This is a claim for uninsured motorist benefits brought by the plaintiff Raymond Benoit, administrator of the estate of Travis W. Benoit (the "decedent"), against the defendant The Travelers Insurance Company. The plaintiff has moved to strike the first, second, third, fourth, fifth and sixth special defenses filed by the defendant on the ground that they do not constitute legally sufficient defenses.
The plaintiff makes the following allegations in his amended complaint. On or about June 26, 1992, the decedent was riding in the rear portion of a dump truck, which was being operated by Raymond G. Pike, Jr. (the "operator") with the permission of the owner, Nancy L. Pike. The operator failed to stop for a stop sign and made an abrupt left turn, which caused the decedent to be thrown from the bed of the truck to the pavement, resulting in fatal injuries to the decedent. The Pike vehicle was uninsured, but Linda Benoit and the plaintiff, the decedent's parents, had a contract for automobile insurance with the defendant which provided for uninsured motorist coverage. The decedent was an insured under this policy and the defendant is liable for the decedent's injuries and losses.
The only remedy by which to test the sufficiency of a cause of action or defense, whether stated in one pleading, count or defense, or in a paragraph or paragraphs thereof, is a motion to strike. Donovan v. Davis, 85 Conn. 394, 397-98
(1912)." In ruling on a motion to strike the trial court is limited to considering the grounds specified in the motion.Merideth v. Police Commission, 182 Conn. 138, 140-41 (1980). A trial court must take the facts to be those alleged in the pleading and cannot be aided by the assumption of any facts not therein alleged. Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345,348 (1990). The court must construe the facts alleged in the special defenses in a light most favorable to the defendant.RK Constructors, Inc. v. Fusco Corp., 231 Conn. 381, 384 (1994). CT Page 2393
I. First Special Defense.
The plaintiff moves to strike the first special defense. The first special defense alleges, in part, that:
 Any injuries or damages suffered by the plaintiff, were proximately caused by the negligence and carelessness of the plaintiff's decedent, Travis Benoit, in one or more of the following respects:
 (a) in that he placed himself in a position of danger on the vehicle that he was being transported in, by sitting or standing on the cab, headboard or body of the dump truck;
 (b) in that he placed himself in a position of danger by sitting or standing on the cab, headboard or body of the dump truck in a manner in which he was unable to determine or anticipate the course of travel of the vehicle in which he was being transported in;
The first special defense sets forth five additional subparagraphs alleging other various ways in which the decedent negligently placed himself at risk. The plaintiff argues that this special defense should be stricken, because the alleged conduct of the decedent did not contribute to the happening of the accident, i.e., the decedent did not contribute to the swerving of the truck which caused him to be thrown to the ground.
In Wendland v. Ridgefield Construction Services, Inc.,190 Conn. 791, 798 (1983), our Supreme Court stated:
 As long as the jury is properly instructed on the doctrine of comparative negligence; General Statutes § 52-572h(b); elements involving the failure of the plaintiff to comprehend a risk may be specially pleaded and weighed by the trier in determining the propriety and totality of the plaintiff's conduct in relation to that of the defendant. When a plaintiff's conduct in assuming a risk is unreasonable, then the CT Page 2394 [assumption of the risk] doctrine overlaps contributory negligence and the principle of comparative negligence embodied in the statute should apply. (Alteration in original; emphasis in original; internal quotation marks omitted.)
This does not mean, however, that all allegedly negligent conduct by the plaintiff may be asserted as a special defense. See Hinch v. Elliot, 119 Conn. 207, 210 (1934). Allegedly negligent conduct by the plaintiff is relevant "when the plaintiff's conduct is negligent only because of its tendency to expose him to some particular type of hazards." (Internal quotation marks omitted.) Id. (Citing Restatement, Torts, § 468, comment (b).).
In the present case, the first special defense places in issue whether the decedent's own negligence increased the risk that he might be injured by the particular harm which in fact caused his death. Therefore, the plaintiff's motion to strike the first special defense should be denied.
II. Second Special Defense.
The plaintiff also moves to strike the second special defense. The second special defense alleges that:
 Although the defendant is without knowledge to admit or deny the plaintiff's allegations that Raymond G. Pike, Jr. was operating his motor vehicle under the influence of liquor or drugs and, accordingly, leaves the plaintiff to his proof of same, if in fact Raymond G. Pike, Jr. was operating his motor vehicle under the influence of liquor or drugs, the plaintiff's decedent, in allowing himself to be transported by Raymond G. Pike, Jr., was negligent in that he knew or should have known that Raymond G. Pike, I Jr. had consumed intoxicating beverages such that his faculties and the use of his senses were affected.
The plaintiff argues that this is essentially an assumption of the risk defense, which was abolished by the Connecticut Legislature in 1973. C.G.S. § 52-572h. The plaintiff further argues that statutes that prohibit driving while under the CT Page 2395 influence of alcohol or drugs are intended to protect the public at large and, therefore, a passenger's knowledge of the driver's intoxication may not be raised as a special defense.
This court, Hendel, J., has previously stated that it adheres to the rationale that if the driver was intoxicated to the knowledge of the passenger at the time the passenger entered the car or if the driver's condition was palpably apparent at the time, it would be negligent for the passenger to enter the car and ride in it and, if the injuries and death of the passenger resulted from the failure of the driver to operate the car with proper care and skill because of his intoxicated condition, then the plaintiff's comparative negligence may be asserted to reduce or deny recovery. Stevens v. DiLieto,
Superior Court, judicial district of New London, at New London, Docket No. 51 53 53 (January 24, 1992, Hendel, J., ___ CSCR ___).
In the present case, therefore, the decedent's knowledge, or failure to know under the circumstances, that the operator was intoxicated at the time the decedent entered the vehicle may be raised as a special defense and the plaintiff's motion to strike the second special defense should be denied.
III. Third Special Defense.
The plaintiff also moves to strike the third special defense. The third special defense alleges that:
 Any injuries or damages suffered by the plaintiff were caused by the acts or omissions of the plaintiff's decedent in that he had consumed intoxicating beverages to such an extent as to impair his faculties and render him in an unfit condition to make use of his ordinary senses, or to give protection to himself.
The plaintiff argues that, even if the decedent was intoxicated at the time of the accident, these actions did not contribute to the occurrences which led to him being thrown from the dump truck and, therefore, may not be raised as a special defense.
The third special defense is similar in essence to the first special defense, except that the third special defense fails to allege the particular type of danger from which the CT Page 2396 decedent negligently failed to protect himself. Negligence which is not related to risks associated with the particular harm suffered by the decedent may not be raised as a special defense. Hinch v. Elliot, supra, 119 Conn. 210. Therefore, the plaintiff's motion to strike the defendant's third special defense should be granted.
IV. Fourth Special Defense.
The plaintiff also moves to strike the defendant's fourth special defense. The fourth special defense alleges that:
 Although the defendant is without knowledge to admit or deny the plaintiff's allegation that Raymond G. Pike, Jr. was operating his motor vehicle under the influence of liquor or drugs and, accordingly, leaves the plaintiff to his proof of same, the plaintiff's decedent actively engaged in, procured for, encouraged and/or provided significant companionship in the consumption of liquor or drugs by Raymond G. Pike, Jr.
The plaintiff argues that this defense is a "participation defense", which is only applicable to Dram Shop actions.
Although the participation defense has been characterized as an assumption of the risk defense, factors relevant to assumption of the risk may be pleaded as part of a comparative negligence defense. See Wendland v. RidgefieldConstruction Services, Inc., supra, 190 Conn. 798. In the present case, however, the defendant has failed to allege in any way that the decedent's participation contributed to his injuries. Therefore, the fourth special defense fails to sufficiently raise a comparative negligence defense and the plaintiff's motion to strike the fourth special defense should be granted.
V. Fifth and Sixth Special Defenses.
The plaintiff moves to strike the defendant's fifth and sixth special defenses on the grounds that they contain allegations relating to collateral sources and that such allegations are prohibited by Practice Book § 195A. "Under the CT Page 2397 collateral source rule, a defendant is not entitled to be relieved from paying any part of the compensation due for injuries proximately resulting from his act where payment [for such injuries or damages] comes from a collateral source wholly independent of him." (Alteration in original; internal quotation marks omitted.) Rametta v. Stella, 214 Conn. 484, 489
(1990).
The defendant's fifth special defense alleges that:
 In connection with personal injury alleged to have been sustained by the plaintiff, basic reparations benefits have been paid to the plaintiff pursuant to the terms of her policy of insurance with the defendant. In the event that the trier of fact awards damages for personal injury to compensate the plaintiff, the defendant is entitled to setoff from any such award, the full amount of such basic reparations benefits paid.
Since the fifth special defense alleges payments made by the defendant itself, the defendant has not alleged a collateral source. Further, although the fifth special defense alleges that the defendant is entitled to a setoff, which technically applies only where the plaintiff owes a debt to the defendant arising out of the same transaction upon which the plaintiff's action is based, when read in the light most favorable to the defendant, it can be fairly inferred that the defendant is in fact asserting the right to a reduction of any damages awarded. It follows that the plaintiff's motion to strike the defendant's fifth special defense should be denied.
Finally, the sixth special defense alleges that:
 In the event that the trier of fact awards damages for personal injury to compensate the plaintiff, the defendant is entitled to a reduction in any such award by all sums:
 (a) paid because of bodily injury or on behalf of persons or organizations who may be legally responsible; and
(b) paid or payable because of bodily injury CT Page 2398 under any of the following or similar laws:
(1) Workers' Compensation law; or
(2) Disability Benefits law.
The defendant argues that all of these allegations constitute provisions in the contract of insurance between the plaintiff and the defendant and, therefore, the defendant must plead them affirmatively or waive the right to assert them later. SeePeters Production, Inc. v. Dawson, 182 Conn. 526, 528 (1980).
Nowhere in the sixth special defense, however, does the defendant make reference to the contract of insurance between the parties. Therefore, the sixth special defense constitutes an allegation of collateral sources. See Rametta v. Stella,
supra, 214 Conn. 489 (1990). It follows that the plaintiff's motion to strike the defendant's sixth special defense should be granted. Practice Book § 195A.
CONCLUSION
Based on the foregoing, the plaintiff's motion to strike is denied as to the defendant's first, second and fifth special defenses and is granted as to the third, fourth and sixth special defenses.
Hendel, J.