[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed October 4, 1996
Plaintiff has filed the instant motion to strike defendant's set-off and counterclaim. The plaintiff's claim is one for the collection of a debt owed by the defendant, as purchaser of fertilizer and related products. In its set-off/counterclaim, defendant alleges that plaintiff's failure to register the ingredients of said fertilizer as required by law over a 10-year period resulted in unspecified damages which it desires to recoup in this action.
Plaintiff's motion to strike should be granted. Neither the set-off nor the counterclaim set forth a sum certain or one which is ascertainable. Consequently, such claim fails to comply with the rule that the set off debt must not be unliquidated. See,General Consolidated, Ltd. v. Rutnick Sons, Inc., 4 Conn. Cir 581, 586 (1967), and Pellegrino v. Wirth, Case Base 2115. Furthermore, the defendant's allegations, as pled, fail to fairly permit the plaintiff to determine if the debt claimed by the defendant arises out of the same transaction alleged in the complaint or whether the claim is one of set off or counterclaim. This is a fatal defect. See. P.B. sec. 116; Peters Production,Inc. v. Dawson, 182 Conn. 526 (1980).
It matters not that the defendant alleges that the claim involves the same parties and the same types of claims if the opposing party cannot ascertain from the pleadings or from reasonable inferences therefrom whether the debt in question is unliquidated and that it arose out of the transaction in question (or one of them). As pled, the defendant's allegations do neither. Accordingly, plaintiff's motion to strike the set-off and counterclaim is hereby GRANTED.
MELVILLE, J.